No. 34,927

HENRY PENNINGTON et al., *Appellants,* v. MYREL W. GREEN
et al., *Appellees.*

(107 P. 2d 760)

Opinion filed
December 7, 1940.

*Edwin C. Wilcox, J. Howard Wilcox,* both of Anthony, *W. E. Broadie* and
*J. A. McDermott,* both of Winfield, for the appellants.

*Roy H. Wasson, C. E. Robb,* both of Wichita, *H. W. Herrick, O. B. Scott*
and *Harry O. Janicke,* all of Winfield, for the appellees.

The opinion of the court was delivered by

HARVEY, J.;  This action was brought in the district court as one
for a declaratory judgment.  Defendants moved that the petition be ·
made definite and certain in many particulars.  This motion was
overruled in part and sustained in part.  Plaintiffs filed a supple-
ment to their petition.  Defendants demurred to the petition upon
the ground that it did not state facts sufficient to constitute a cause
of action and that several causes of action were improperly joined.
Upon the hearing of the demurrer counsel for plaintiffs stated in
open court that this was an action under the declaratory judgment
statute and not an action for specific performance.  Rather than to
attempt to abbreviate the petition we have set it out as an addenda,
with caption and signatures omitted.  Clauses in brackets are from
the supplemental petition.

The pertinent facts may be stated in chronological order as fol-
lows:  Sarah C. Pennington and Amanda C. Pennington were spins-
ter sisters who made their home together.  They had several brothers
and sisters and other relatives.  Under date of January 1, 1910,

Sarah executed a will (Exhibit D of the petition) in which she directed that all her just debts be paid, gave to her brothers and sisters, and some other named relatives, five dollars each, and gave to her sister Amanda all of the remainder of her personal property and all her real property wheresoever situated. It contained this provision:

"In making this will and giving, bequeathing and devising the above property to my sister, Amanda C. Pennington, I am not unmindful of my other brothers and sisters. But in consideration of my sister Amanda C. Pennington having made a will giving and bequeathing and devising the greater portion of her property to me and because of her devotion to me, I do make this will as above set forth. . . ."

She named her sister Amanda as executrix, to serve without bond. Under the same date Amanda C. Pennington executed a will (Exhibit E of the petition) identical with that executed by Sarah, except that she gave her personal and real property to Sarah and named her as executrix, to serve without bond. It contained the same clause, above quoted from the will of Sarah, except that Sarah's name was used instead of her own.

On March 19, 1937, Amanda C. Pennington executed another will in which she declared all former wills or codicils to be void and of no effect; directed her executors to pay her debts and funeral expenses; directed her executors to have her body laid to rest in a certain cemetery next to that of her sister Sarah's, if she died first, but if not, in a lot where her sister Sarah's body might be laid beside hers; directed her executors to erect a suitable monument marker for the graves of herself and of her sister Sarah, the expense of which should not exceed $150, and directed "that the rest and residue of my estate, shall go, share and share alike to my sister, Sarah C. Pennington and my brother, Anderson D. Pennington," and she appointed Myrel W. Green, of Cowley county, and Roy H. Wasson, of Sedgwick county, as her executors, the last named also to act as attorney for her estate.

Sarah C. Pennington died March 4, 1938, without having made any change in her will of January 1, 1910.

On April 16, 1938, Amanda C. Pennington executed a codicil to her will of March 19, 1937, which will she specifically ratified and confirmed, subject to the changes made by the codicil. It recited that by that will, after the directions given to her executors by paragraphs 1, 2 and 3, she had bequeathed the rest and residue of her

estate, both real and personal, share and share alike, to her sister, Sarah C. Pennington, and her brother, Anderson D. Pennington; that since the execution of that will her sister Sarah C. Pennington had died, "And I now direct that the one half of my estate, both real and personal, of which I may die seized, which I heretofore bequeathed to my said sister, Sarah C. Pennington, shall go as follows and to the following relatives and friends:" Then follows the names of eleven persons to whom she gave specific bequests varying in amount from $200 to $750 each. The will provided that if one half of her estate were not sufficient after paying other charges to pay the named sums, then the bequests were to be prorated. The will provided that before the named bequests were paid there should be erected grave markers at the graves of two deceased brothers, naming them, each to cost not to exceed $150; also that there be markers placed at the graves of each of the children of J. J. and Mary Hubbard, deceased at the time of her death, such markers to cost not to exceed $25 each; that if after carrying out these provisions the one half of the estate exceeded the bequests and charges named, then the balance of such half of the estate should go one half to Mrs. Ada Beeman and one half to Myrel W. Green. The codicil further provided that should her brother, Anderson D. Pennington, predecease her that the one half of her estate bequeathed to him should pass to the issue of his body, share and share alike.

Amanda C. Pennington died in April, 1939. Her will of March 19, 1937, and the codicil thereto of April 16, 1938, were duly admitted to probate on May 3, 1939, and Myrel W. Green and Roy H. Wasson were duly appointed and qualified as executors thereof.

Later, and on October 6, 1939, the will of Sarah C. Pennington of January 1, 1910, was duly admitted to probate and A. S. Kininmonth was duly appointed and qualified as administrator c. t. a.

On October 17, 1939, this action was brought in the district court. At that time the last will of Amanda C. Pennington, with the codicil thereto, had been admitted to probate and the executors named therein had been appointed and had qualified. Likewise the last will of Sarah C. Pennington had been admitted to probate and an administrator c. t. a. appointed, and he had qualified. Both estates were in process of administration in the probate court. The probate court is the one which, under our statutes (G. S. 1935, 22-301 *et seq.*; G. S. 1939 Supp., 59-301 *et seq.*) has exclusive original jurisdiction for the probate of wills and the appointment of executors and ad-

ministrators and the ordinary administration upon estates. Normally there is no reason for the district court to interfere with those functions. (See *Shuckrow v. Maloney*, 148 Kan. 403, 83 P. 2d 118, and authorities there cited.) The declaratory judgment act (G. S. 1935, 60-3127 *et seq.*) never was designed to enable the district court to supersede the functions of the probate court in the probate of wills and the ordinary administration upon estates. (See *Pugh v. City of Topeka*, 151 Kan. 327, 330-332, 99 P. 2d 862.) At the final settlement of these estates the probate court is the one which has jurisdiction to determine to whom the estates should be disbursed. If plaintiffs or others are not satisfied with the order of disbursement which may be made by the probate court in the Sarah C. Pennington estate they will have a right to appeal from that order. Then the plaintiffs herein, or others who may desire to do so, can raise the question whether the two wills bearing date of April 1, 1910, were mutual, reciprocal and contractual, and even if so, what is the effect in view of the fact that Sarah C. Pennington died first. Clearly, there is no reason at this time for the district court to assume any jurisdiction in the matter.

While some other matters are discussed in the briefs, there is no necessity of discussing them, and indeed, perhaps it would not be prudent to do so, since they are not properly before the court. The trial court correctly held the petition did not state facts sufficient to state a cause of action, and its judgment therefore is affirmed.

"1. The plaintiffs (eighteen persons are named and their addresses given) respectfully represent to the court that this is a matter involving an actual controversy growing out of the construction and interpretation of various wills, administrations and of various portions of the Kansas law, as hereinafter alleged and set out.

"2. That Sarah C. Pennington and Amanda C. Pennington were sisters and had lived together at their home near Oxford, Kan., for many years; both were spinsters and are now deceased, without issue, and the legal heirs of each are identical.

"3. A diagram of the heirship and family tree of said Sarah C. Pennington and Amanda C. Pennington is hereto attached, marked 'Exhibit A' and made a part hereof. (This lists the names of thirty-eight persons.)

"4. That the plaintiffs and defendants herein are the representatives, heirs, devisees and representatives of the heirs and devisees and claimants of the estates of said Sarah C. Pennington and Amanda C. Pennington.

"5. That Sarah C. Pennington died on or about the 4th day of March, 1938.

"6. That said Amanda C. Pennington died on or about the ———— day of April, 1939, and a certain instrument hereto attached and marked 'Exhibit B' was duly presented as the last will and testament of Amanda C. Pennington.

and another instrument hereto attached and marked 'Exhibit C' was duly presented to the court as the first codicil to the said alleged last will and testament of said Amanda C. Pennington of Cowley county, Kansas, [and were duly admitted to probate May 3, 1939, upon the petition of Lucy Slusser, a defendant therein], and the defendants, Myrel W. Green and Roy H. Wasson, were duly appointed and qualified as executors under the last will and testament, and codicil thereto. [There is an appeal pending in the district court from the order admitting this will and codicil to probate, which was filed February 3, 1940.]

"7. That thereafter, there was discovered among the belongings of said Sarah C. Pennington and Amanda C. Pennington certain instruments in the form of wills, dated January 1, 1910, executed by Sarah C. Pennington and Amanda C. Pennington, which were identical, except for the name of the testator, residuary legatee and executrix, true copies of which instruments are hereto attached, marked 'exhibit D' and 'exhibit E,' respectively, and made a part hereof. That about the ——— day of June, 1939, said wills were filed in the office of the probate judge of Cowley county, Kansas, a petition was filed for the admission of the will of Sarah C. Pennington to probate, and the same was duly admitted to probate October 6, 1939, and A. S. Kininmonth was duly appointed administrator c. t. a.

"8. That an actual controversy exists between the parties hereto as to whether or not the wills of 1910, and referred to as exhibits 'D' and 'E,' are mutual, reciprocal and contractual wills; whether they are subject to specific performance as contracts, whether the will and codicil of Amanda C. Pennington herein referred to as exhibit 'B' and exhibit 'C' is effective in disposing of the property of her estate, and particularly whether such will and codicil are effective in disposing of the real and personal property of the estate of Sarah C. Pennington now in the hands and control of the defendant, A. S. Kininmonth, administrator c. t. a.; that plaintiffs contend that said wills of 1910 are mutual, contractual and irrevocable instruments between Sarah C. Pennington and Amanda C. Pennington and their heirs, and that the will and codicil referred to as exhibits 'B' and 'C' are ineffective to convey property in violation of said former contractual wills, and particularly any property owned by Sarah C. Pennington, and that said contractual wills are subject to specific performance by plaintiffs with or without the probate thereof; that the defendants, Myrel W. Green and Roy H. Wasson, executors of the last will and codicil of Amanda C. Pennington, and the defendant beneficiaries under said last will and codicil content [contend] that said instruments, marked 'exhibits B' and 'C,' are legal and effective and that said defendant executors are entitled to possession of all the property owned by both Amanda C. Pennington and Sarah C. Pennington, and that the wills of 1910, exhibits 'D' and 'E,' are not contractual and enforceable.

"9. Plaintiffs further allege that this action is brought for the purpose of construing the instruments herein set out and determining the rights of the parties hereto to the end that numerous contests, appeals and burdensome litigation concerning the estate of Sarah C. Pennington and Amanda C. Pennington, deceased, may be avoided.

"Wherefore, the said plaintiffs pray a declaratory judgment of this court in the following particulars, to wit:

"1. Declare whether or not the wills of Sarah C. Pennington and Amanda C. Pennington, executed on January 1, 1910, and referred to as exhibits 'D' and 'E,' respectively, are mutual, reciprocal and contractual wills.

"2. If said wills referred in item 1 are found to be mutual, reciprocal and contractual wills, declare whether or not the plaintiffs and/or defendant, A. S. Kininmonth, administrator of the estate of Sarah C. Pennington, deceased, are entitled to the specific performance of said wills.

"3. Declare whether or not the will and codicil of Amanda C. Pennington, referred to as exhibits 'B' and 'C,' respectively, should be given effect and administered according to the terms thereof.

"4. If the said will and codicil referred to in item No. 3 be declared to be administered according to the terms thereof, declare whether or not the prop-. erty belonging to the estate of Sarah C. Pennington should be included in such administration.

"5. Declare to whom the property of Amanda C. Pennington and Sarah C. Pennington descends, and how and by whom the same should be administered.

"6. Declare such other and further matters as are by the court deemed pertinent for a full, complete and final determination of the issues involved, and the rights of the parties in the property of said Sarah C. Pennington and Amanda C. Pennington, and for the guidance and direction of the probate court and the administrators and executors of said deceased parties.

"Said plaintiffs further pray that the costs of this action, including reasonable attorneys' fees for said plaintiffs' attorneys, be decreed to be paid out of the corpus of the said estate of Sarah C. Pennington and Amanda C. Pennington, according to the respective benefit accruing to said estate."