No. 30,553.

ROBERT KOS SHERMAN et al., *Appellants*, v. GRACIE FAY CRITZER et al., *Appellees*.

(11 P. 2d 993.)

Opinion filed June 4, 1932.

*Jay T. Botts,* of Coldwater, for the appellants.

*Paul J. Wall, Carl I. Winsor* and *John E. Boyer,* all of Wichita, for the appellees.

The opinion of the court was delivered by

JOHNSTON, C. J.: The construction of a will, about which there was an actual controversy among the beneficiaries mentioned in it, was the purpose of this action. Charles W. Sherman, the owner of real and personal property, executed a will on April 26, 1927. He died on July 15, leaving two sons, Robert Kos Sherman, thirty-nine years old, Charles Glenn Sherman, thirty-four years old, and a daughter, Gracie Fay Critzer, thirty-seven years old. When the will was executed, his wife, Martha L. Sherman, was living, but she died about two weeks prior to his death. In the will the testator, after providing for payments out of his estate of his debts and the expenses of his last illness, stated:

"2d. I give, devise and bequeath to my wife, Martha L. Sherman, all property of which I may die seized or possessed, both real and personal, except such as is hereinafter specifically devised to others, to have and to hold unto

my said wife for a period of ten years after the date of my decease. It is my will and bequest that during said ten-year period she is to have all the rents and profits arising from my real estate and that my personal estate, now located on my ranch in Comanche county, Kansas, including live stock and farming implements, shall remain there during said ten-year period and that the farming operation during said period shall be continued under my said wife's direction and management in like manner as such ranch has heretofore been operated by me, except that my said wife shall have the power and authority during said ten-year period to sell or dispose of, from year to year, such of the personal property and the increase from the live stock as may be reasonably necessary for her maintenance and support and such of it as it becomes necessary to market from time to time.

"3d. It is my further will and bequest that at the end of said ten-year period my entire remaining estate, not hereinafter specifically devised or bequeathed, shall pass to and become the property of my said wife and my three living children in equal shares, to be by them divided at such time, among themselves, on that basis, providing they can at such time mutually agree upon such division.

"In making this will, it is my intention and purpose to keep my estate intact for said ten-year period, believing that it will be to the best interest of my said wife and our children.

"In case any of my said three children, now living, should die prior to the expiration of said ten-year period, then it is my will and bequest that the share herein devised to any such deceased child, shall go and pass to the children of his or her body, if any survive, and if there be no surviving children, to his or her surviving brother or sister.

"4th. I give, devise and bequeath to my daughter, Gracie Fay Critzer, my residence property located at 811 East Murdock avenue, Wichita, Sedgwick county, Kansas, to have and to hold as her absolute estate and property forever.

"5th. Any and all moneys, notes or accounts that I own or of which I am possessed at the date of my decease, except such as are necessary for the payment of all debts, I bequeath to my said wife and my said three children, share and share alike.

"6th. I hereby nominate and appoint my said wife, Martha L. Sherman, and F. S. Butts, of Protection, Kan., as the executors of this, my last will and testament.

"In testimony whereof, I do hereunto subscribe my name this 26th day of April, 1927.                                          CHAS. W. SHERMAN."

It was alleged and shown that a contract was made by the heirs on June 21, 1929, providing for a division and equalization of the property. So much of it as is pertinent, follows:

"THAT WHEREAS, The said Robert Kos Sherman, Gracie Fay Critzer and Charles Glenn Sherman are the sole and only children and heirs at law of Charles W. Sherman, deceased, formerly of Comanche county, Kansas;

"AND WHEREAS, The said Charles W. Sherman died testate possessed of the hereinafter described land;

"AND WHEREAS, The said parties desire to partition said hereinafter described property in a fair and equitable manner between the parties hereto, without the intervention of any court, so that each shall receive his or her proper share of said real property;

"Now, therefore, it is mutually agreed by and between all of the parties hereto, as follows: (Here follows description of land allotted to each child and amount of difference in money that is to be paid.)

"It is further agreed that abstracts of title shall be procured as to all of the above-described lands showing good and merchantable title in the maker of the respective deeds herein provided for, the total cost of which shall be borne by the parties hereto one-third each.

"All taxes for the year 1928 and prior years on all of said above-described lands shall be paid by the heirs of Charles W. Sherman, deceased.

"It is further agreed that the landlord's share of all crops harvested during the year 1929 on all of the above-described real property is to be divided equally among Robert Kos Sherman, Gracie Fay Critzer and Charles Glenn Sherman.

"Full possession and use shall be delivered to the respective parties to whom said deeds are executed, upon the delivery of said deeds, subject to the 1929 crop as herein provided for, except that as to the southeast quarter of section 27, township 23, range 20, west of the sixth P. M., being the home place, the said Robert Kos Sherman shall have the right to occupy the improvements, consisting of the residence, barns, corrals, etc., until June 1, 1930, at which time he shall deliver possession of the same to the said Gracie Fay Critzer, in as good condition as the same are now, less usual wear and tear."

When the case was submitted to the trial court, the following stipulation was made:

"It is hereby stipulated by and between the plaintiffs and the defendants herein, that Martha L. Sherman was ten (10) years younger than her husband, the testator, Charles W. Sherman.

"It is further stipulated that the testator, Charles W. Sherman, was ill at the time of the death of Martha L. Sherman, and that such illness of the testator continued from the time of the death of the said Martha L. Sherman, up to the date of the death of the said Charles W. Sherman."

The determination of the trial court was that as Martha L. Sherman died prior to the death of Charles W. Sherman, upon the death of Charles W. Sherman the three children took a fee-simple title in and to all of the real property of which Charles W. Sherman died possessed, except that located in the city of Wichita, which was specifically devised to Gracie Fay Critzer. The court further found that the proceeds from the sale of personal property on the lands in Comanche county owned at the time of the death of the testator, is now subject to distribution by the administrator de bonis non, and that one-third thereof should be paid to each of the plaintiffs, Robert

Kos Sherman, Charles Glenn Sherman, and the defendant Gracie Fay Critzer, less any costs of the administration that may be now unpaid, all subject to the supervision of the probate court.

There were findings that the spouses of the children of the testator and their children, have no right, title or estate in or to any of the real or personal property of which the said Charles W. Sherman died possessed. The court further found and adjudged that the parties are entitled to the partition of the property, and that commissioners be appointed at once to make the division as provided by law.

There is a contention by the plaintiffs that the title passed by the will consists of an estate for years, terminating ten years after the death of the testator, and that until the termination of that estate it cannot be definitely determined in whom the remainder will vest. They contend that the interpretation of the will made by the court wipes out the ten-year period which is specifically provided for in the will.

Plaintiffs contend that the estate for years given to Mrs. Sherman, upon her death became a part of the residuary estate. They say that she had not only this legacy in the form of an estate for years, but that she was also one of the residuary legatees in the will. It is their contention, too, that the income and use of the premises during this ten-year period is owned by the three children in equal shares, and is a separate property, distinct from their share in the remainder. The estate and its proceeds, they insist, should be held intact for ten years and is not subject to distribution until the end of that period.

On the other side it is contended that the provision for the ten-year period was for the benefit and protection of the wife, and since the wife was dead before the will took effect it cannot be assumed that it would be to the best interest of the children to keep the estate intact for ten years. It is their contention that the wife having died before the testator, the ten-year provision became an impossibility and automatically dropped out, somewhat like a life tenancy drops out in case the life tenant dies. They urge that the principle of acceleration is applicable and distribution should be made at once.

It will be observed that the will purports to give all of the property of the testator to his family; that is, to his wife and three children. The testator undertook to create a ten-year period during

which the wife would have the absolute management and control of the estate and receive all the rents and profits derived from it. His desire was that the estate should be kept intact and operated as it had been in the past by himself. The wife, it appears, was ten years younger than he was and he assumed that she was likely to outlive him at least that period of time, and hence provided that she should have the use and benefit of the estate during the period. The provision was evidently intended to be for her special benefit and protection, although it was recited that he believed that her management and control would be for the best interests of the wife and children. The children had already passed maturity and were, respectively, thirty-four, thirty-seven and thirty-nine years of age, but the management and control was to be exercised by her and no one else, and she was given power during this period to sell and dispose of such of the personal property as was reasonably necessary for her support and maintenance. It is plain that he did not desire that there should be a distribution of the property during the period, but it is clear he intended that all of it was to go to the surviving members of the family. He assumed that his wife would live, manage and enjoy the use and benefit of it for ten years after his death. It turned out that his assumption that she would outlive him was not justified, as she died prior to the death of the testator. The will did not become effective until he died, and at that time there was no wife to keep the estate intact or to control and manage it. His plan was that this personal privilege and responsibility was to be exercised and assumed by her and her alone and not by some representative or substitute. There being no wife, no manager to hold the estate intact or to enjoy the use of the property during the stated period and no way to carry out the contemplated plan, that provision of the will became an impossibility and was practically eliminated from the will.

The situation was somewhat similar to a devise of a life estate with a gift over to remaindermen so that when the life period ended, or was out of the way for some reason, the remainder was accelerated and the title passed at once to those who were to take at the end of the life estate. (*Miller v. Miller,* 91 Kan. 1, 136 Pac. 953.) Here, as the death of the wife occurred before the death of the testator, the provision for a ten-year period never in fact came into existence and is to be treated as though it had not been created.

Under those circumstances the principle of acceleration applies. The estate was to go to the surviving wife and children when the ten-year period ended or became ineffectual. In *McLean v. Stanley*, 134 Kan. 234, 5 P. 2d 839, a life estate was given to a wife and it was provided that if any of the children to whom the remainder was to go should die before the death of the wife the property devised to the deceased child should go to the children of such deceased child. As the child to whom the property was devised died while Alvina, the wife of the testator, was living, it was said as to that provision of the will:

"Also, the fifth paragraph of the will has no practical application to the facts in the case, as it only provides for the passing of the life estate given to Alvina. This by her death before the death of the wife of the testator was simply eliminated or merged." (p. 238.)

So here, the death of the wife prior to the death of the testator eliminated the ten-year period of the will, and the estate was ready for distribution among the children after the death of the testator.

The principle of acceleration has been recognized in this state. In *Miller v. Miller*, supra, it was said:

"If a testator devise an estate for life to his widow, with remainder over in fee, and the widow elect to take under the law and not under the will, the remainder is ordinarily accelerated to take effect as if the widow had died. The rule is equitable in character and proceeds upon the assumption that the gift over of the fee was the principal thing in the testator's mind, that the life estate was a mere charge on that gift, and that he desired the gift in fee to take effect whenever the life estate for any cause was out of the way." (p. 6.)

In *In re Schultz' Estate*, 113 Mich. 592, a testator bequeathed to his wife all of his household goods and gave her a life estate in the residue of the property, real and personal. Specific bequests were made to five persons who were also made residuary legatees in proportion to the sums bequeathed to them. The widow elected to take under the law and not under the will, and it was held that the life estate in the widow was as effectually terminated by her election as it could be by her death, and that it was clear that the testator intended that upon the termination of the life estate the property should be distributed at once to his legatees.

In *Slocum v. Hagaman*, 176 Ill. 533, it was decided:

"A remainder postponed merely to let in a life estate in the widow takes effect immediately upon the determination of that estate, whether such determination arises from the widow's death or her renunciation of the will and her election to take dower or her statutory allowance."

"Rights of second takers which are postponed merely to let in the widow's life estate are accelerated by her renunciation of the will and election to take her statutory share in lieu of dower, and distribution may be had before the widow's death." (See, also, *Randall v. Randall,* 85 Md. 430.)

It is suggested that the ten-year provision in effect carved out a separate and distinct estate which became a part of a residuum, that the testator's wife should be regarded as a residuary legatee and the right under the ten-year provision should be treated as a lapsed legacy, citing *Corbett v. Skaggs,* 111 Kan. 380, 207 Pac. 819. There being a gift over to the children to whom the title was to go, there was no residuum.

It being determined that by reason of the death of the wife before that of the testator the contemplated ten-year period of control, possession and enjoyment of the estate never came into existence and was practically eliminated from the will, it follows that there was no lapsed legacy nor room for the application of the rule of the Corbett case. It appears that the wife died leaving no children other than those named in the will, who were the children of both testator and his wife, and hence the share she would have taken if she had lived goes under the will to the three living children.

Our conclusion is that the trial court correctly interpreted the will, and its judgment is affirmed.