No. 37,618

John D. McEwen, *Appellant,* v. Ellen McEwen Enoch and Owen Coe McEwen, *Appellees.*

(204 P. 2d 736)

Opinion filed April 9, 1949.

*Austin M. Cowan,* of Wichita, argued the cause, and was on the briefs for the appellant.

*Vincent F. Hiebsch,* of Wichita, argued the cause, and *Milton Zacharias, Eugene L. Pirtle, Kenneth H. Hiebsch,* and *J. R. Sheedy,* all of Wichita, were with him on the briefs for the appellees.

The opinion of the court was delivered by

Arn, J.: This action was for a declaratory judgment to construe a written trust agreement executed November 11, 1939. The beneficiaries of the trust were the defendants, a granddaughter and grandson of the grantor. The plaintiff trustee is the father of the defendants. The trust included certain real and personal property, and the controversy involves Article I of the agreement which is as follows:

"This trust shall be known as the Cyrus M. Beachy Trust No. 1.

"Grantor agrees to and shall forthwith deposit, assign and convey to the trustee each and all the property enumerated and described in Exhibit A hereto attached and said property and any other property which may hereafter be delivered to the trustee pursuant to this agreement shall be held by the trustee and his successors in trust for the following uses and purposes:

"(a) Said trustee shall pay the net *income* from said trust to Owen Coe McEwen and  Ellen McEwen, (grantor's grandchildren), share and share alike, said payment to be made not less than semi-annually for the period hereinafter specified, (except that the trustee may, in his judgment and at any time, permit not to exceed fifty per cent (50%) of the net income to accumulate and be added to the corpus of the trust estate).

"(b) *The comfort, support and happiness of the beneficiaries are the primary wish and concern of the grantor* and said trustee is hereby authorized to utilize and devote all or any part of the corpus of the trust estate for such purpose if in his opinion it is necessary. The trustee is hereby authorized to make such payment out of the corpus of the trust estate to any beneficiary not only while such beneficiary is entitled to part of the net income, but at any time before such beneficiary may become entitled to the net income if, in the opinion of such trustee, such course is advisable or necessary.

"(c) In the event of the death of either of the beneficiaries named in paragraph (a) above before the termination of the trust hereby created and in the event such beneficiary die leaving issue him or her surviving, then such surviving issue shall take the part of deceased parent, per stirpes.

"(d) In the event of additional grandchildren such additional grandchildren shall share equally and under the same conditions as the beneficiaries mentioned in paragraph (a) above.

"(e) *The trust created hereby shall be terminated when the youngest of the beneficiaries named in paragraph (a) above shall have attained the age of (40) or would have attained such age had he survived.* Upon the termination of the trust estate the property shall *pass absolutely* to the beneficiaries named in paragraph (a) above. In the event such beneficiary or either of them dies before the date of the termination of said trust estate leaving no issue him or her surviving, then the portion *which would have vested* in him or her shall pass to his or her heirs under the statute of descents and distributions of the State of Kansas provided that this shall not include as heirs the surviving spouses of such deceased child. Issue of any deceased beneficiary shall take per stirpes and not per capita." (Italics supplied.)

Article II of the agreement concerns the powers of the trustee and is of little importance to the question involved except to note that the trustee had unrestricted judgment and discretion over the principal, and could incumber, exchange, sell or convey all or any part thereof without any liability whatsoever for mistaken judgment or business policy. The grantor released and waived any right to amend or revoke the trust agreement, and specifically provided that such grant was without reservation of any power to revest in the grantor any title to the property or to the income therefrom.

At the time of execution of the trust agreement, to wit: November 11, 1939, the ages of Ellen McEwen (Enoch) and Owen Coe McEwen, beneficiaries thereunder, were eleven years and fifteen years, respectively. Plaintiff trustee pleads the trust agreement in full as a part of his petition, and seeks a construction of said trust agreement and an order instructing him with respect to his duties as trustee. The defendants' answer admitted the execution of the trust agreement and alleged (a) the trust was void from its inception because it violated the rule against perpetuities; and (b) the corpus of the trust passed absolutely to the defendants upon execution of the trust agreement for the reason that since the trust was void, the agreement amounted to an absolute gift, and the trustee never had any function to perform thereunder.

Trial was had to the court upon a brief stipulation of facts as follows:

"1. That Cyrus M. Beachy also known as C. M. Beachy, died on the 18th day of February, 1945, testate, a resident of Sedgwick county, Kansas, and that his will, copy of which is hereto attached, marked 'Exhibit A', and made a part hereof has been duly admitted to probate in Sedgwick county, Kansas.

"2. That his daughter Bernice B. McEwen, predeceased said C. M. Beachy and died on the 24th day of January, 1945, leaving surviving her, her husband, John D. McEwen and her two children, namely Owen Coe McEwen and Ellen McEwen (Enoch), all of whom are parties to this cause.

"3. All of the above facts and matters shall be taken into consideration by the court in the trial of this matter and shall constitute the evidence introduced in the trial of this case."

By the will referred to in the foregoing stipulation, the two defendants are now the sole beneficiaries, and apparently the only purpose of injecting the will into this lawsuit was to further demonstrate the donor's plan to ultimately give all of his property to his two grandchildren, Owen Coe McEwen and Ellen McEwen Enoch (defendants). The trust agreement was executed and the purported trust created several years prior to donor's death and the trust property was not a part of his estate in the probate court.

The trial court found that Cyrus M. Beachy at the time of execution of the trust intended ultimately to give the property to his two grandchildren and in event the trust was invalid, it was his purpose and intent to give the property to them immediately.

The court below also concluded as matters of law that an actual controversy existed over the construction of this trust agreement; that said agreement violated the rule against perpetuities; that the

gift to the defendants was accelerated by the dropping out of the prior estate and at the time of the execution of said instrument it constituted a direct gift to said grandchildren in equal shares. Thereupon it was decreed that the defendants, Owen Coe McEwen and Ellen McEwen Enoch, were the absolute owners of the property covered by the trust agreement and had been since its execution on November 11, 1939, and that the plaintiff trustee has never had, and does not now have, any duties to perform as trustee under the terms of said trust agreement.

From this judgment plaintiff trustee has appealed.

Before considering the vital questions raised by this action, we should point out that with respect to the rule against perpetuities, it is immaterial that the gifts to the two defendant grandchildren were made in trust. The first provision of the trust agreement was to immediately vest the legal title to the corpus of the trust in the trustee, who is the plaintiff here. The rule against perpetuities is the same at law and in equity and it applies equally to both legal and equitable interests so that its violation will not be tolerated when an interest or estate is created by trust any more than when it is entirely legal (See 48 C. J. 961, § 41; 48 C. J. 983, § 72, *Beverlin v. First National Bank,* 151 Kan. 307, 311, 98 P. 2d 200; Gray, Perpetuities, 4th ed., § 202). Therefore, it is the equitable interest with which we are here concerned.

Turning now to the specific issues involved in this controversy, we find these three questions presented:

1. At the time of the execution of the trust (Nov. 11, 1939), did the two defendants take a vested or a contingent interest?

2. Is there a possibility that vesting of the equitable estate of the two defendants may be postponed for a period longer than a life or lives in being and twenty-one years and nine months thereafter?

3. If the trust is void because it may not vest within such required period, is the gift to the two defendants accelerated by the failure of the prior estate so that it became an absolute gift to them as of November 11, 1939?

First, it must be determined whether the gifts to the two defendant beneficiaries were vested or contingent, because that will determine whether or not the rule against perpetuities has any applicability to this problem since the rule does not apply to vested interests. The distinction between vested and contingent interests is of great importance as concerns the rule against perpetuities, for a true *vested* interest is never obnoxious to the rule, while a *contingent* interest not only may be, but often is (Gray, Perpetuities, 4th ed., § 99).

With that in mind, let us examine the trust provisions to determine whether the beneficiaries received only contingent estates. The provision which provides the answer is the first sentence of section (e) of Article I:

"(e) The trust created hereby shall be terminated when the youngest of the beneficiaries named in paragraph (a) above shall have attained the age of forty (40) *or would have attained such age had he survived* . . ." (Italics supplied.)

The defendant beneficiaries did not take an estate vested in possession because they had no accrued, fixed and indefeasible right to present enjoyment. An estate vests in·interest when there is a present accrued, fixed and indefeasible right to enjoyment at a future time (*Kirkpatrick v. Kirkpatrick*, 112 Kan. 314, 316, 211 Pac. 146). Did the above quoted portion of section (e) permit this estate to vest in interest or was there some uncertainty, some contingency, which rendered it defeasible?

Neither of the beneficiaries had an interest which they could convey or devise because the provisions of the purported trust prevailed for a period of twenty-nine years and until its termination in 1968 when the younger beneficiary, Ellen McEwen, reached the age of forty years. Neither of them may live until 1968. They or either of them may or may not have children who would be alive at the termination date in 1968 when Ellen would have attained such age (40 years) had she survived. Under section (e) of the trust agreement the equitable interest of the beneficiaries becomes an absolute legal interest when Ellen, the youngest of the two beneficiaries, attains the age of forty years, if she lives, or if she dies, then at such time as she would have attained the age of forty years had she lived. At that time, and not until then, does their interest become indefeasible. (*Beverlin v. First National Bank*, supra.)

Where the instrument declares that the estate shall be "vested" at a specified time, that term will govern the validity of the gift in the absence of other terms showing an intention not to use the word in its legal sense (155 A. L. R. 730n). In the instant case we note the third sentence of section (e) of the trust agreement states that the property shall *pass absolutely* to the beneficiaries upon the termination of the trust estate (*i. e.*, in 1968). The next sentence states that if either beneficiary dies before termination of the trust estate without issue surviving, then the portion which would have vested in him shall pass to his heirs at law. From

this language of the trust agreement, it seems to have been the obvious intent of the settlor, that the trust estate would not *vest* in the beneficiaries or in their issue or in their heirs until the termination of the trust estate.

In *Kirkpatrick v. Kirkpatrick,* supra, p. 333, this court said the interests there involved were dependent upon survival of the thirty-year trust and therefore were contingent, and not vested. In the instant case there are similar interests dependent upon the survival of what is, in effect, a twenty-nine-year trust.

In 41 Am. Jur. 88, we find this statement:

"On the other hand, if there are specific and effectual directions that the trust shall continue for a specified time, and that the trust res or principal shall not be turned over to the beneficiary or beneficiaries until a certain time named, the cestui que trust cannot be considered as having a vested interest therein until the arrival of the time named, and if the time named is more remote than the period allowed by the rule, the gift is void."

We conclude that the two defendant beneficiaries are by the terms of the purported trust given nothing more than a contingent interest, dependent upon the younger of them, Ellen McEwen, attaining the age of forty years. No estate vested in interest because of the many uncertainties which could not be determined until then—that is to say, until the year 1968—twenty-nine years after the creation of the purported trust. The result is that the equitable estate in the two defendant beneficiaries was merely a contingent interest.

Being a contingent interest and one to which the rule against perpetuities applies, we come to the second question as to whether the contingent estate created by the Beachy trust offends that rule.

The common-law rule as stated by Gray's Perpetuities, 4th ed., § 201, is in force in this state:

"No interest is good unless it must vest, if at all, not later than twenty-one years after some life in being at the creation, of the interest,"

and we may add thereto, "to which, under some circumstances, is added to the period of gestation." (See *Beverlin v. First National Bank,* supra; *Keeler v. Lauer,* 73 Kan. 388, 393-394, 85 Pac. 541.)

Under the rule the interest *must* vest within the period, and the probabilities as to what may or may not occur are immaterial (Gray, Perpetuities, 4th ed., § 214). The law cannot speculate upon probabilities.

In the case now before us the younger of the beneficiaries, Ellen McEwen, was eleven years old when the purported trust was created

in 1939 and it was to terminate twenty-nine years later when she attained the age of forty years.

Suppose then, that each beneficiary had issue born in 1946 when Ellen was age eighteen and Owen was age twenty-two, and shortly thereafter in 1946 both beneficiaries met their deaths. Thus the two beneficiaries, each with issue surviving, would have died twenty-two years before the termination of the trust as provided in section (e) of the trust agreement. Improbable though such a hypothesis may be, that possibility existed at the creation of the beneficiaries' contingent interest. Under such circumstances the contingent interest could not vest within twenty-one years after some life in being at the time of creation of the interest.

Beginning with the Duke of Norfolk's case (22 Eng. Rep. R. 931 [1685]), it was held that any event which was certain to happen during the life of an existing person, or any contingent condition to exist at the end of it, was not too remote. Later there was added to this the period of twenty-one years, to allow for the minority of a child of a person in esse. Still later, to accommodate the possibility of a posthumous child, the period of gestation was added (*Stephens v. Stephens* [1736], 25 Eng. Rep. R. 751). Then, in *Nightingale v. Burrell,* 15 Pick. (Mass.) 104 [1833], it was further decided that if no life or lives in being were introduced as a measure of time, the limit was the twenty-one years alone as a period in gross. The perpetuity rule is one against the creation of some new estate upon some remote event:

"The hindrance to alienation is a collateral factor, and may or may not exist. The question is only as to the vesting of the future estate, and the test in each case is whether or not that estate will necessarily vest within the period of the rule. If it may not, the contingent gift of it, and any trust to support it, are void. The principle is the same when the possibility relates to the vesting of some equitable interest in unborn persons." (155 A. L. R. 699-700n.)

And at page 703:

"If the terms of the gift are such that the class may include persons not living at the death of the testator, and the interest of any one of them may not vest in him until he reaches an age greater than twenty-one years, the whole gift is void."

Restatement, Trusts, § 112, page 288, gives the general rule thus:

"A trust is not created unless there is a beneficiary who is definitely ascertained at the time of the creation of the trust or definitely ascertainable within the period of the rule against perpetuities."

The case of *Kirkpatrick v. Kirkpatrick,* supra, is quite in point with the instant case upon the question as to whether the contingent interest violated the perpetuity rule, and there we said in syllabus 2:

"A devise of real estate to trustees for thirty years, after which the contingent interests were to vest, if at all, violated the rule against perpetuities, and was void."

*Beverlin v. First National Bank,* supra, has been cited by both appellant and appellee. There the testator gave one-third of his property to each of two daughters, but to be held in trust for them until they reached forty years of age. The language used was apt to give a fee simple in the land and an absolute interest in the personal property—except that subsequent *divesting* clauses created a contingent interest, or executory devise, which violated the rule (p. 308). In the Beverlin case it was this exception which required this court to hold that the perpetuity rule was there violated. Similarly, in the instant case the trust agreement postpones vestiture until the younger beneficiary arrives at the age of forty if she lives, or until such time as she would have reached forty years of age should she not live; and also provides that issue of a deceased beneficiary shall take the parent's share—but not until 1968, which is the time Ellen, the younger beneficiary, would have reached the age of forty years.

It must be concluded that, the gifts to the two beneficiaries being contingent interests and the trust provisions being obnoxious to the perpetuity rule, the trust could never actually come into existence.

Now to the third question. The trust having failed, what happens to the corpus of the purported trust? Clearly it was the intention of the settlor, C. M. Beachy, to give to his two grandchildren Ellen and Owen McEwen, all of his property. That is the import of the entire trust agreement. Furthermore, that intent was carried out in his will which he executed some eighteen months prior to the trust agreement, and under which the two defendants are the sole beneficiaries since their mother predeceased the testator in death.

It is well established by decisions of this court, and by authorities generally, that where it is possible to determine the intention of the testator (or the settlor) that intention must control (*Blake-Curtis v. Blake,* 149 Kan. 512, 524, 89 P. 2d 15, and cases cited

therein). In the instant case it seems equally clear that the intent of C. M. Beachy, the settlor, was to make a gift of his property to his grandchildren Owen and Ellen McEwen. If his efforts to delay the time of their possession and enjoyment of the property failed because of legal difficulties, they should nevertheless become the recipients of his bounty as he obviously intended.

Both appellant and appellees frankly agree that if this prior trust estate fails for being obnoxious to the rule against perpetuities, under decisions of this state as well as the great weight of authority, there is an acceleration of the gift and the estate goes to the two defendant grandchildren. This is in accord with the well-established rule in this state, and indeed were it otherwise, the intent of the settlor would be defeated. There was therefore an acceleration of the rights of the two defendant beneficiaries to the possession and enjoyment of the corpus of the purported trust. No trust having been created by the trust agreement, there was never any function for the plaintiff trustee to perform, and the defendants were entitled to immediate possession of the property. See *Sherman v. Critzer.* 135 Kan. 579, 11 P. 2d 993; *Blake-Curtis v. Blake,* supra, syl. ¶ 3; *Beverlin v. First National Bank,* supra, p. 313.

The two defendant grandchildren were intended to be the ultimate recipients of the purported trust estate, and the trust having been held nonexistent because it offends the perpetuity rule, the settlor's gift to the two grandchildren was accelerated.

The judgment of the trial court is affirmed.