ESTATE OF CYRUS M. BEACHY, JOHN D. MCEWEN, EXECUTOR, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 21133. Promulgated August 24, 1950.

*W. A. Kahrs, Esq.*, for the petitioner.
*Gene W. Reardon, Esq.*, for the respondent.

OPINION.

HILL, *Judge:* The respondent urges that the value of the property of the Cyrus M. Beachy Trust No. 1 is includible in the decedent's gross estate under any one of three theories: (1) that it represented property in which decedent had an interest under section 811 (a) of the Internal Revenue Code; (2) that the transfer on November 11,

1939, and subsequent transfers to the trust in question were in contemplation of death, or to take effect at death under section 811 (c); or (3) that the transfers were revocable within the purview of section 811 (d) (1).

The value of the property is not includible in decedent's gross estate, the petitioner argues, because the Supreme Court of the State of Kansas ruled in *McEwen* v. *Enoch*, 167 Kan. 119, 204 P. 2d 736, which case involved the same trust as is before us, that the trust agreement violated the rule against perpetuities. Hence, as the Kansas Court ruled, gifts of the trust property to the two grandchildren were accelerated and became absolute on the dates of transfer and neither section 811 (a) nor 811 (d) (1) is applicable. Moreover, it claims that the transfers were not made in contemplation of death or to take effect in enjoyment at or after death under section 811 (c).

In answer to petitioner's contention, however, respondent states that this Court is not required to give effect to the decree of the Supreme Court of Kansas because "Unequivocally the record in the Kansas State Court proceeding discloses that there was no real controversy between the parties for determination. The state court decision was nothing more than a consent decree and is not binding on the Tax Court."

Even assuming, *arguendo*, that the decree of the Court of Kansas was entered by consent of the parties, nevertheless, we feel that the decision of the Supreme Court of that state evidences the law of that state on the question of whether the trust instrument before us violates the rule against perpetuities and accelerates the gifts in question. We therefore shall hold, in accordance with the decision of the Kansas Supreme Court, that the trust instrument herein violated the rule against perpetuities and that the gifts were accelerated. See *Estate of Melusina H. Varick*, 10 T. C. 318; Restatement of the Law, Property. section 236, page 1003.

The question of acceleration was posed by the Supreme Court of Kansas as follows:

3. If the trust is void because it may not vest within such required period, is the gift to the two defendants accelerated by the failure of the prior estate so that it became an absolute gift to them as of November 11, 1939?

The court answered this question in the affirmative, stating in part as follows:

It is well established by decisions of this court, and by authorities generally, that where it is possible to determine the intention of the testator (or the settlor) that intention must control (*Blake-Curtis* v. *Blake*, 149 Kan. 512, 523, 89 P. 2d 15, and cases cited therein). In the instant case it seems equally clear that the intent of C. W. Beachy, the settlor, was to make a gift of his property to his grandchildren Owen and Ellen McEwen. If his efforts to delay the time of their possession and enjoyment of the property failed because of legal difficulties, they should nevertheless become the recipients of his bounty as he obviously intended.

**142**

In Restatement of the Law, Property, as adopted and promulgated by the American Law Institute, the following is stated in section 236, page 1003:

§ 236. TRUST ATTEMPTED TO BE CREATED FOR UNLAWFUL DURATION—ACCELERATION OF SUCCEEDING INTEREST.

When an attempted prior interest fails because it is a trust interest limited to last for a duration not permitted by applicable law, then, in the absence of a manifestation of a contrary intent,

> (a) except as stated in Clause (b) the succeeding interest is accelerated in favor of the person described in the limitation as entitled thereto ascertained in accordance with the facts existing at the time when the attempted prior interest, if valid, would have become a present interest; and
>
> (b) if the succeeding interest is otherwise effectively created subject to a condition precedent not fulfilled at the time when the attempted prior interest, if valid, would have become a present interest, the succeeding interest is accelerated as soon as such condition precedent is fulfilled in favor of the person described in the limitation as entitled thereto, ascertained in accordance with the facts then existing.

In view of our holding that the trust was void and that the gifts were accelerated, respondent must fail in so far as his contentions that section 811 (a) or 811 (d) is applicable. Moreover, the transfer was not one intended to take effect in possession or enjoyment at or after death under section 811 (c). We must still determine, however, whether or not the transfer in question was made in contemplation of death within the meaning of section 811 (c).

Upon a consideration of the record before us we have found that the decedent did not make the transfer in question in contemplation of death. True, he was almost 77 years of age on November 11, 1939, when the trust was created. However, the evidence adduced at the hearing indicates that at that time he was president of a large business and active in planning its activities. His office hours then, and to the time of his death, were from 7 a. m. to 6 or 7 p. m., 6 days a week. He remained president of the company until 1943, and even after that date until his death was active in its affairs. His health at all times until his sudden death in 1945 appeared to be good. He never told those who were closely associated with him that he suffered from any ailment. His outlook at the time of the gifts involved was cheerful and optimistic. The gift in question was only one of many which decedent had made since 1927 and the amount of the property transferred on November 11, 1939, based upon the valuation of his property for estate tax purposes, was proportionately only 5 per cent of the property retained. The trust instrument shows that primarily the wish of the decedent in establishing the trust was for the comfort, support and happiness of the beneficiaries and that

> * * * The trustee is hereby authorized to make such payment out of the corpus of the trust estate to any beneficiary not only while such beneficiary is

entitled to part of the net income, but at any time before such beneficiary may become entitled to the net income if, in the opinion of such trustee, such course is advisable or necessary.

We therefore believe that the thought of death was not the impelling cause of the transfer; rather the gift sprang from a motive associated with life. *United States* v. *Wells et al., Executors*, 283 U. S. 102; *Estate of Oliver Johnson*, 10 T. C. 680.

It follows that respondent erred in his determination.

*Decision will be entered under Rule 50.*