No. 33,242

THE BANK OF POWHATTAN (L. E. Laflin, Assignee of Charles W. Johnson, Receiver of the Bank of Powhattan), *Appellant,* v. D. P. ROONEY, *Appellee.*

(72 P. 2d 993)

Opinion filed November 6, 1937.

*Walker F. Means,* of Hiawatha, for the appellant.
*Charles Rooney,* of Topeka, for the appellee.

The opinion of the court was delivered by

SMITH, J.: This was an action on a note. Judgment was for defendant. Plaintiff appeals.

The facts are simple. L. E. Laflin is the assignee of a judgment rendered in the district court of Brown county on March 30, 1922, in favor of the Bank of Powhattan against D. P. Rooney for approximately $2,500. The judgment has been kept alive by executions, and on May 20, 1936, was a valid judgment and unsatisfied.

In the early part of 1936 Hugh Rooney, the father of defendant, D. P. Rooney, died testate in Nemaha county. He made a cash bequest to his son, Hugh F. Rooney, and various devises of real estate to his children, Charles J. Rooney, John E. Rooney, Mark

Rooney, Eliza Ann Rooney, Eva C. Studer and Sarah Isabelle Studer.

He devised to D. Pat Rooney a life estate in forty acres of land in Brown county, with the provision that after the death of D. Pat Rooney his interest should descend to and become the property of his heirs. By another provision he devised the residue of his estate, share and share alike, to his children, naming them. The ninth paragraph of the will was as follows:

"NINTH: It is my will that any of the beneficiaries under this will shall have the privilege of selling their interest in lands bequeathed to them to any other beneficiary at any time, but shall not sell to an outsider until three (3) years after my death."

On the 20th day of May, 1936, Laflin caused an execution to be issued from the district court of Brown county in the case in which he had his judgment directed to the sheriff of Brown county, and also caused an execution to be issued from the same court directed to the sheriff of Nemaha county. On May 22, 1936, the sheriff of Brown county, finding no personal property of the defendant upon which to levy, levied execution upon the right, title and life estate of D. Pat Rooney in the land in which he had been given a life estate by his father's will. On the same day the sheriff of Nemaha county, finding no personal property of the defendant upon which to levy, levied the execution which had been issued to him upon the interest of D. Pat Rooney in certain real estate in Nemaha county in which D. Pat Rooney had an undivided one-eighth interest under the residuary clause in his father's will. The real estate was duly advertised for sale. Prior to the date of the sale one of the executors of the estate of Hugh Rooney filed a motion in the district court of Brown county, for an order staying the sale of both the Brown county and the Nemaha county real estate for the following reasons:

1. That there had been no appraisal of the property as prescribed by law.

2. That the judgment creditor could not sell the interest of D. P. Rooney by the terms of the will for a period of three years, which would be May 7, 1939.

3. That no real estate or interest therein could be sold to satisfy the judgment until the personal property had first been applied.

4. That the judgment creditor of one of the heirs could not and should not be allowed to intermeddle until the time of distribution and all debts and claims against the estate had been ascertained.

5. That the defendant was a single man and his whereabouts unknown, and the exact interest of the defendant, if any, in the said estate could not at the time be determined.

The motion was heard by the court and the sales were enjoined. In the journal entry the trial court stated that the sales were enjoined because the real estate in question was not subject to sale on execution for a period of three years from the date of the death of Hugh Rooney on account of the provision in the will we have already noted. It was provided in the journal entry that the enjoining of these sales should not affect the judgment lien which Laflin had on the interest of D. P. Rooney in the real estate. The assignee of the judgment has appealed from the order enjoining these sales.

The question we have before us is whether the ninth clause in the will prevented this real estate from being sold to anybody but one of the beneficiaries thereof until three years had elapsed from the date of the death of the testator. In other words, was the restriction on alienation contained in the will a valid one? It will be noted that there is no provision for a trustee having active duties to discharge during the restrictive period by a provision for re-entry or alternative grant or devise over on breach of conditions prescribed in the instrument itself. The provision in the will amounts to no more than an admonitory gesture.

This question has been settled contrary to the contention of appellees by the holding of this court in *Guarantee Title & Trust Co. v. Siedhoff*, 144 Kan. 13, 58 P. 2d 66. In that case there was a will with a clause about as appears in this will.

It will be noted that the restriction on alienability in this will was somewhat limited, that is, the restraint was made effective by the terms of the will for three years only, and the will provided that any one of the devisees might sell to any of the other devisees during that time. There are some authorities holding that a restraint on the power to alienate for a limited time is valid. The great weight of authority, however, is to the effect that a restraint, even though limited as to time, is void. In *Wright v. Jenks*, 124 Kan. 604, 261 Pac. 840, this court recognized that a reasonable restraint on alienation to prevent or hinder a testator's estate being dissipated by grandchildren, or for some similar purpose, might be valid, but held that in order to make it valid there must have been some practical bar to a breach of the restriction. There is no such bar in

this case. To the same effect is 21 R. C. L. 330-333. (See, also, *Latimer v. Waddell,* 119 N. C. 370, 26 S. E. 122; *Mandlebaum v. McDonnell,* 29 Mich. 78, 18 Am. Rep. 61.) In this connection *Latimer v. Waddell* is reported at 3 L. R. A., n. s., 668. A comprehensive note appears there, also, in which the authorities on the question are collected.

We now pass to the question of whether the fact that the restriction on alienation is limited so that the land in question might have been sold to the other devisees renders it valid. We have concluded that the weight of authority is to the effect that a provision in a will that property may not be alienated except to a particular class or group of persons is void. (See 69 C. J. 664; also, *Manierre v. Welling,* 32 R. I. 104, 78 Atl. 507; also, *Carpenter v. Allen,* 198 Ky. 252, 248 S. W. 523.)

It is well established that the rule as to restrictions on the right to alienate applies to life estates as well as to estates in fee simple. (See 21 R. C. L. 333; also, *Wool v. Fleetwood,* 136 N. C. 460; also, *Guarantee Title & Trust Co. v. Siedhoff,* supra.)

We have concluded that the ninth clause of the will of Hugh Rooney was ineffective to prevent the interest of D. Pat Rooney from being sold on execution. The court below based the decision upon the ground to which reference has already been made. However, appellee in this court argues that the sales should have been enjoined upon the ground that they had been prematurely had. Upon this question we have concluded that the interest of D. Pat Rooney in the estate vested in him at once upon the death of the testator. A life estate in land or an undivided interest in land may be sold on execution to pay a judgment. (See G. S. 1935, 60-3403; also, *Poole v. French,* 71 Kan. 391, 80 Pac. 997; and *McCartney v. Robbins,* 114 Kan. 141, 217 Pac. 311.)

It is true that sufficient time had not elapsed since the death of testator for the estate to be wound up. However, should the sales be made as appellant seeks to have them made the land will be sold subject to the right of the executor to sell the real estate to pay debts if the personalty of the estate is insufficient. It is clear that nothing more than the interest of D. Pat Rooney in the real estate may be sold.

The judgment of the trial court is reversed with directions to set aside the order enjoining the sale of the real estate in question.

ALLEN, J. (concurring specially): I agree that the attempted restraint on alienation is void.