No. 36,696

FRED ASENDORF, *Appellant*, v. (John F. Asendorf *et al.*, Defendants) JOHN EDWARDS, Guardian *ad litem* for Laverna Asendorf, WALLACE ASENDORF, DELORES ZERENER and DARLENE ZERENER, Minors, *Appellees.*

(176 P. 2d 535)

Opinion filed January 25, 1947.

*J. Howard Wilcox*, of Anthony, argued the cause, and *E. C. Wilcox*, of Anthony, was with him on the briefs for the appellant.

*Robert R. Hasty*, of Wichita, argued the cause and was on the briefs for the appellees.

The opinion of the court was delivered by

SMITH, J.:  This started as an action to quiet title but was tried on an amended petition in which construction of a will was sought as well as equitable relief.  Judgment was for the defendants.  Plaintiff appeals.

The action was commenced in the district court by Fred Asendorf.  He named as defendants all his brothers and sisters and their children.  All were the children and grandchildren of one Fritz Asendorf.  He alleged he was the owner and in actual possession of a certain described quarter section of land; that his father left a will which was attached to the petition; that the will had been fully executed and a sale of real estate would not be necessary for the payment of debts.  He alleged further that under a paragraph of his father's will the defendants claimed some right, title or interest in the real estate in question.  He alleged that the portion of the will under which they claimed was void and of no effect and the plaintiff was vested with a fee simple title to the land.  He prayed that the defendants be required to set up any claim they might have to the real estate in question and that his title be quieted as to the defendants.  The will of Fritz Asendorf was attached and after giving his wife a life estate to the property in question contained the following clause:

"I give, devise and bequeath to my son Fred Asendorf the South-east Quarter (SE ¼) of Section twenty-five (25), Township Twenty-seven (27) south, Range Four (4) west; but without power to sell, transfer or mortgage during his natural life.  Should my son, Fred Asendorf, have no children, then at the decease of said son and his wife, said real estate, (as above described,) is to be equally divided, share and share alike, to my then living grandchildren.  This does not in no way hinder my son from leasing or selling royalty oil and/or gas on the above described real estate."

The defendant's demurrer to this petition was sustained.  An amended petition was filed by the plaintiff and before answer a second amended petition.  This petition alleged that Fritz Asendorf died on the date stated and that his wife, Maggie Asendorf, had predeceased him; that the plaintiff and defendants were the children and grandchildren of Fritz Asendorf; that the plaintiff was married and childless at the time the action was filed.  The petition then set out the paragraph of the will which has already been included in this opinion and alleged that it was void for the reason there was no provision for a gift over in case of the violation of the

clause and that the will gave Fred Asendorf a fee simple title to the real estate.

The prayer of the petition was for judgment interpreting the will and settling the rights of the parties and for such other and further relief as the court might deem just and proper.

To this petition the defendants all filed a general denial. Testimony was taken, about which there does not seem to have been much dispute. The court made findings of fact and conclusions of law to the effect it was the intention of the testator to bequeath to Fred and Lillie Asendorf a life estate with the remainder over to the living issue of Lillie and Fred, but that such issue failing and in default of such living grandchildren—issue of Fred and Lillie—the second contingent remaindermen, the then living grandchildren of the testator should be the owners in fee simple of the property. The court made conclusions of law interpreting the will generally in favor of the contentions of the defendants.

Motions of both parties for substituted findings of fact and conclusions of law and of plaintiff for a new trial were denied and judgment entered in accordance with the conclusions of law.

Various assignments of error are made. All are directed at the conclusions of law. When it appears from the record on appeal that there is doubt about whether the trial court had jurisdiction of the subject matter of the action we will consider that question and take appropriate action even though the matter of lack of jurisdiction was not raised by the parties. See In re Estate of Dix, 161 Kan. 364, 168 P. 2d 537, and authorities there cited.

When the oral presentation was made we called to counsel's attention our doubt as to whether the district court had jurisdiction of the subject matter of the action. Counsel asked for and were given leave to file additional briefs upon that question. These briefs have now been filed and considered. On account of the conclusion we have reached on that matter it will not be necessary for us to pass on the errors urged here on the original appeal. It will be noted the action was commenced in district court. The petition pleaded that certain paragraphs of the will were void. Its prayer was for a judgment interpreting the will and for such further relief as the court might think proper.

Under the provisions of chapter 219 of the Laws of 1937 probate courts were given jurisdiction to draw to themselves all decedent's property, including his real estate. (See Page v. Van Tuyl, 150 Kan.

285, 92 P. 2d 110.) This jurisdiction over a decedent's real estate was broadened by the provisions of chapter 180 of the Laws of 1939. (See *Foss v. Wiles,* 155 Kan. 262, 124 P. 2d 438.) This case was one of the early ones wherein we laid down certain rules as to the exclusive original jurisdiction of probate courts in matters pertaining to the probate and winding up of estates. In that opinion we held, among other things:

"It was the intent and purpose of the framers of the Kansas probate code and of the legislature which enacted it to grant to probate courts exclusive original jurisdiction over all matters incident and ancillary to the settlement and distribution of decedent estates, except as to any matter over which that code expressly confers concurrent jurisdiction upon district courts. ·

. . . . . . . . . . . . . . . .

"Where a party has an adequate remedy for equitable relief in the probate court and that court is exercising its jurisdiction, such party may not invoke the jurisdiction of a district court to accomplish the same purpose.

. . . . . . . . . . . . . . . .

"Under the Kansas probate code, effective July 1, 1939, the probate court in which a will has been probated has exclusive original jurisdiction to entertain a proceeding to contest the will." (Syl. ¶¶ 3, 5, 6.)

That was an action against the executor of an estate to enforce a contract of decedent to bequeath real estate. It had been begun in district court and we held that it should have been brought in the probate court in the county where the estate was being probated. The case was further complicated by the fact that some of the real estate involved was located in a county other than the one in which the probate proceedings were pending. The plaintiff argued that since the action was to determine title to real estate it should be brought in the county where the land was located. We overruled that argument, however, and held as already indicated.

In this case, as appears from the record, the estate of Fritz Asendorf had been fully administered except for its final closing in probate court when this action was commenced. The estate had reached the point where G. S. 1945 Supp. 59-2246, 59-2247, 59-2248 and 59-2249 became applicable. The first of the above sections provides for partial distribution and we are not concerned with it here. Section 59-2247 provides in detail for a petition for final settlement. Section 59-2249 provides for a hearing and final decree on the foregoing petition. It provides in part "On the hearing . . . Upon such settlement and allowance the court shall determine the heirs, devisees, and legatees entitled to the estate and assign the

same to them by its decree. The decree shall name the heirs, devisees, and legatees, describe the property, and state the proportion or part thereof to which each is entitled . . ."

The proceedings provided for is adversary. It is one of the hearings the legislature had in mind when it conferred equity powers on probate courts. (See G. S. 1945 Supp. 59-301 [12].)

Here the question was, who was entitled to the real estate of which the testator spoke in paragraph 3 of the will. The proceedings provided for in those sections was intended to meet that very situation, among others. Should we hold that the case could be adjudicated in an action originally commenced in the district court we would be in a measure depriving the probate court of the exclusive original jurisdiction the legislature intended it should have. To so hold would be to overrule much that has been said and held by us since the probate code was first enacted. See, also, *Pennington v. Green,* 152 Kan. 739, 107 P. 2d 760.

Counsel for appellees concedes the foregoing to be the rule but urges that the district court can be called to the aid of the probate court under G. S. 1935, 60-3127 to 60-3132, inclusive, commonly known as the Declaratory Judgment Act. The appellees argue in their present brief that we should proceed to hear and determine this appeal under the provisions of that act even though there is doubt about the original jurisdiction of the district court.

Appellant also relies on that act. The sections of the probate code we have discussed were all part of a comprehensive plan enacted so that all matters pertaining to estates would be considered and adjudicated in the first instance by the court where the probate proceedings were pending. To hold that an action so framed that, in form, it appeared to be for a declaratory judgment could be brought in the district court, while the estate involved was being administered in probate court, and the same relief had as could have been obtained in the probate court pursuant to the sections to which reference has been made, would be to nullify the statutes and to overrule several of our decisions. This we do not care to do. There is a clear distinction between this action and the one decided in *Kininmonth v. Carson,* 156 Kan. 808, 137 P. 2d 173. That was brought by the administrator who was winding up an estate to quiet his title as administrator to certain real estate of the deceased. He based title and right to possession of this real estate upon an order of the probate court made pursuant to G. S. 1945 Supp.

59-1401. Besides giving the administrator the right to possession of the real estate, it specifically provided:

"He may by himself, or with the heirs or devisees, maintain an action for the possession of the real estate or to quiet the title to the same."

We held that the above provision gave the administrator authority to bring an action in district court to quiet title to the real estate of deceased. We held the action was required under such circumstances to enable the administrator properly to conserve the real estate.

Here, on the other hand, the action is brought by a devisee with the avowed purpose of striking down certain provisions of the will of deceased. Should the will be construed as contended for by plaintiff the result would be to deprive the grandchildren of deceased of any interest in the real estate in question. We have held that such an action is the one of which the probate court has exclusive original jurisdiction. See *Foss v. Wiles,* 155 Kan. 262, 124 P. 2d 438; *Yeager v. Yeager,* 155 Kan. 734, 129 P. 2d 242, and *In re Estate of Grindrod,* 158 Kan. 345, 148 Pac. 278.

The judgment of the trial court is reversed with directions to dismiss the action.