**RICE et al. v. SAYERS et al.**
**Nos. 4386, 4391.**

United States Court of Appeals
Tenth Circuit.

July 29, 1952.

Writ of Certiorari Denied Nov. 10, 1952.

See 73 S.Ct. 172.

Emmet A. Blaes, Wichita, Kan. (W. D. Jochems, Robert G. Braden, and Jochems, Sargent & Blaes, Wichita, Kan., on the briefs), for appellants and cross-appellees.

Jerry E. Driscoll, Russell, Kan., and James P. Mize, Salina, Kan. (Harold R. Fatzer, Atty. Gen., of the State of Kansas, W. L. Sayers, and C. E. Birney, Hill City, Kan., on the brief), for appellees and cross-appellants.

Before PHILLIPS, Chief Judge, and BRATTON and PICKETT, Circuit Judges.

PHILLIPS, Chief Judge.

A. J. Rice died testate in Graham County, Kansas, on August 27, 1926. His will, with two codicils, was duly admitted to probate in the probate court of Graham County, Kansas, on September 24, 1926. The appraised value of the estate was approximately $200,-000 and the present value is in excess of $300,000. The estate was fully administered and an order of final settlement was entered on September 21, 1929.

By his will the testator created four trusts and gave, devised, and bequeathed to the named trustees of such trusts all the rest and residue of his estate remaining after the payment of his just debts, funeral expenses, and costs of administration. One trust of $10,000 was for the use and benefit of the Board of Education of Rural High School District No. 3, Hill City, Kansas; one trust of $10,000 was for the use and benefit of the Board of Education of the County High School of Atchison County, Kansas; a third trust of one-half of the net estate, remaining after the setting up of the two trusts for the high schools, was for the use and benefit of the Kansas State University; and a fourth trust of one-half of the net estate, remaining after the setting up of the two trusts for the high schools, was for

the use and benefit of Kansas Wesleyan University. The beneficiaries were to receive the income from the corpus of such estate to be used for certain designated purposes.

The appellants here, the plaintiffs below, are the surviving heirs and the heirs of deceased heirs of the testator.

On November 29, 1948, plaintiffs below commenced this action by which they sought to have the trusts declared void as against public policy and to have a resulting trust of the corpus of such trusts and the income which had accrued thereto declared in their favor. From an adverse judgment, the plaintiffs below have appealed.

At the threshhold of this case we are confronted with the question of whether the United States District Court for the District of Kansas had jurisdiction of the subject-matter of the action.

In 1939, Kansas enacted a Probate Code which became effective July first of that year. S.L.1939, Ch. 180; Gen.Stat. of Kansas, Ann.1949, §§ 59–101 to 59–2602, inclusive. By § 59–301 the Code vested exclusive original jurisdiction in the probate courts of actions to contest wills;[1] and further vested in them "such equitable powers as may be necessary and proper fully to hear and determine any matter properly before such courts."

Sharpe v. Sharpe, 164 Kan. 484, 190 P. 2d 344, is not to the contrary. That was an action for the construction of a will under the Kansas Declaratory Judgment Act. Its purpose was not to nullify the will, but to give it effect in accordance with the true intent of the testator.

It is settled law in Kansas that an action which has for its purpose to render a will nugatory and effect a result contrary to the obvious intent of the testator is an action to contest a will.[2]

In In re Denton's Estate, 166 Kan. 411, 201 P.2d 625 at page 629, the court said:

"It is a mere play on words to say that petitioners are not contesting this will even under their theory that it is void on its face as an ineffectual attempt to create a public charity. There is no pretense that its provisions might stand and be carried out and the petitioners still recover. Any cause of action a pleader can set down on paper, which, if established, would necessarily render a will nugatory, is a contest of the will and must be brought within the time allowed by the statute in force. This court has held in an unbroken line of decisions that any action, the plain and essential purpose of which is to get rid of a will—to effect a result contrary to the obvious intent of a testator—is an action to contest the will and must be brought as such under the contest statute or not at all."

In states where a state court of original general jurisdiction has original jurisdiction of actions to contest wills, a Federal district court sitting in such state, other jurisdictional prerequisites being present, has jurisdiction of such actions.[3] Where, however, exclusive original juris-

---

1. Asendorf v. Edwards, 162 Kan. 310, 176 P.2d 535, 538; Foss v. Wiles, 155 Kan. 262, 124 P.2d 438, 444; Yeager v. Yeager, 155 Kan. 734, 129 P.2d 242, 243; In re Grindrod's Estate, 158 Kan. 345, 148 P.2d 278, 282; See also: In re Thompson's Estate, 164 Kan. 518, 190 P.2d 879, 882–884.

2. In re Denton's Estate, 166 Kan. 411, 201 P.2d 625, 629 (an action to terminate certain trusts purported to be set up in a will and require the trustees to make a final accounting and distribute all of the property remaining to the plaintiffs in the action); Yeager v. Yeager, 155 Kan. 734, 129 P.2d 242, 243 (an action to im-press a trust upon certain real estate in contravention of a devise made in a will); Mayer v. Taylor, 142 Kan. 54, 45 P.2d 858, 860 (an action for specific performance of an alleged contract whereby plaintiff's uncle and his wife agreed to leave all their property at the death of the survivor to plaintiff. In order to recover, plaintiff had to avoid the will); Kunze v. Kunze, 145 Kan. 72, 64 P.2d 568, 570; Axe v. Wilson, 150 Kan. 794, 96 P.2d 880, 887; Rishel v. McPherson County, 122 Kan. 741, 253 P. 586, 591.

3. Ferguson v. Patterson, 10 Cir., 191 F. 2d 584, 586–587.

726

diction of actions to contest wills is vested in the probate courts of a state and no original jurisdiction of such actions is vested in the courts of general original jurisdiction of such state, a Federal court sitting in such state is without jurisdiction of an action to contest a will.[4]

The trial court was of the opinion that the Probate Code does not apply to the trusts here involved because of the provisions of § 59–1611. That section provides that Article 16, which is limited to accounting of trustees, shall apply only to trusts, the administration of which shall begin after the effective date of the Probate Code. However, the limitation in § 59–1611 is limited expressly to Article 16 and has no effect upon Article 3, which vests exclusive original jurisdiction in the probate court of actions to contest wills.

It follows in the instant case that the court was without jurisdiction of the subject-matter of the action.

The cause is reversed with instructions to vacate the judgment and dismiss the action without prejudice.

4. Porter v. Bennison, 10 Cir., 180 F.2d 523, 525–527; In re Broderick's Will, 21 Wall. 503, 514–515, 22 L.Ed. 599; Sutton v. English, 246 U.S. 199, 208, 38 S. Ct. 254, 62 L.Ed. 664.