No. 40,401

In re Estate of Maude E. Dees, Deceased. (PAUL K. MARSH and MARY ABRAHAM, *Appellants*, v. RUFUS R. MARSH, Individually and as Executor of the Last Will and Testament of Maude E. Dees, Deceased, *Appellee.*)

(308 P. 2d 90)

Opinion filed March 9, 1957.

*Lawrence E. Christenson,* of Winfield, argued the case, and *Marion P. Mathews* and *W. R. Mathews,* both of Winfield, were with him on the briefs for the appellants.

*George Templar,* of Arkansas City, argued the cause, and *Earle N. Wright* and *Ted M. Templar,* both of Arkansas City, were with him on the briefs for the appellee.

The opinion of the court was delivered by

HALL, J.: This is an appeal from a judgment construing a will. The case was tried by the district court on appeal from a judgment of the probate court.

The matter was submitted on an agreed statement of facts. The salient facts to understand the issues of the case are as follows:

Maude E. Dees, a widow, died testate. She was childless and was survived by Paul K. Marsh, a brother, petitioner and appellant herein; Rufus R. Marsh, a brother, respondent and appellee herein; Mary Abraham, a niece and child of Eliza Marsh Brown a deceased sister, petitioner and appellant herein. She was also survived by three nephews, sons of deceased sisters, who do not appear in the case.

At the time of her death she owned a small amount of personal property and her home in Arkansas City, Cowley County, Kansas.

The last will and testament of Maude E. Dees was admitted to probate on December 10, 1954, and pursuant to the provisions thereof, Rufus R. Marsh was named executor. On October 17, 1955, Rufus R. Marsh filed his petition, as executor of the estate, for final settlement and for construction of the will of testatrix, claiming that the provisions of Item III of the will are repugnant to the devise in fee simple to Rufus R. Marsh of the real estate described in Item II and therefor unenforceable, and that the provision for the reversion of title is void for the reason it violates the rule against

perpetuities and that the title of Rufus R. Marsh is in fact an unencumbered, unrestricted complete fee simple title.

Respondents (petitioners and appellants here), Paul K. Marsh and Mary Abraham, filed written defenses complaining the will should be construed and that Rufus R. Marsh should have no more than a life estate, and, in the alternative, because of the contradictory terms of the will, the property should pass under the law of descent and distribution.

The probate court entered its order construing the will of the testatrix and determined that the title should be assigned to Rufus R. Marsh, his heirs and assigns, in fee simple without any conditions or restrictions.

An appeal was taken by Paul K. Marsh and Mary Abraham to the district court from the order of the probate court.

The disputed paragraphs of the will are as follows:

"II.

"I devise and bequeath my property at 206-212 North Second Street, described:

"Lots Seventeen (17), Eighteen (18),

"Nineteen (19), Twenty (20) and

"Twenty-one (21), in Block 127,

"Arkansas City, Cowley County, Kansas, to Rufus R. Marsh, to have and to hold the same in fee simple, said bequest and devise being subject, nevertheless to the provision of Item III herein.

"III.

"I further direct that if said Rufus R. Marsh, or his heirs, should sell or mortgage, or attempt to sell or mortgage, or otherwise convey said property, that their interest in said real estate shall be forfeited and the same shall at once revert and be distributed to my heirs at law then living."

The district court affirmed the order of the probate court and remanded the matter to the probate court to be closed in accordance with the findings of fact and conclusions of law of the district court.

Those findings and conclusions pertinent to this appeal are as follows:

1. As a matter of law Item III of the will of Maude E. Dees, deceased, dated June 14, 1950, is void for being in violation of the rule against perpetuities which requires that no future interest in property can lawfully be created which does not necessarily vest within 21 years after some life or lives presently being.

2. The attempt to perpetually restrain the alienation of real

estate devised in fee simple is void as being repugnant to and inconsistent with the granting of a fee simple title.

3. Rufus R. Marsh, under the terms of Item II of the will, received an unrestricted fee simple title in and to the real estate therein described with all the incidents of a fee simple title, including the full power to sell, mortgage or otherwise convey or devise said real property at any time.

In support of his theory that Rufus R. Marsh should have no more than a life estate with remainder to the heirs at law of Maude E. Dees, respondents and appellants contend that a reading of the entire will makes obvious testatrix's intention that the only persons she wanted to enjoy the unrestricted title to the real estate in question were her heirs at law and that she desired Rufus R. Marsh only be able to enjoy the use of it. They further contend that the intention and purpose of the testatrix should be gleaned from the four-corners of the will and that the limitations though void should not be deleted from the will and discarded. They contend that it would be a new and harsh rule to cut off those persons whom the testatrix gave the remainder merely because the use by Rufus R. Marsh and his heirs in perpetuity is void.

In support of their position they cite *Bullock v. Wiltberger*, 92 Kan. 900, Syl. 2, 142 Pac. 950; *Markham v. Waterman*, 105 Kan. 93, 181 Pac. 621; *Bierer v. Bierer*, 121 Kan. 57, 245 Pac. 1039; *Johnson v. Muller*, 149 Kan. 128, 86 P. 2d 569; *Jones v. Petrie*, 156 Kan. 241 at 243, 132 P. 2d 396; *In re Estate of Ellertson*, 157 Kan. 492 at 496, 142 P. 2d 724; *McEwen v. Enoch*, 167 Kan. 119, 204 P. 2d 736; and *In re Estate of Johnson*, 175 Kan. 82, 259 P. 2d 176.

These authorities do not prove their point.

Appellants agree that the limitation in Item III of the will violates the rule against perpetuities. The limitation here is an executory devise and a future interest which does not vest within the required twenty-one (21) years after some life or lives presently in being. This is the common law rule and is in force in this state.

The rule has been sustained in many cases. The following authority will suffice. *Lasnier v. Martin*, 102 Kan. 551, Syl. 2, 171 Pac. 645:

"The rule against perpetuities is that no future interest in property can lawfully be created which does not necessarily vest within twenty-one years after some life or lives presently in being, excluding from such computation of years the incipient life of infants *in ventre sa mere*."

See, also, *In re Estate of Davis*, 171 Kan. 605, 611, 237 P. 2d 396; and *Tiffany, Real Property*, p. 344 (Two volumes in One Ed.).

In *Beverlin v. First National Bank*, 151 Kan. 307, 98 P. 2d 200, our court said:

"The rule against perpetuities, as stated by Gray, Perpetuities, 3d ed., section 201, is as follows: 'No interest is good unless it must vest, if at all, not later than twenty-one years after some life in being at the creation of the interest.' The common-law rule, as stated by Gray, is in force in this state." (See, also, *Keeler v. Lauer*, 73 Kan. 388, 85 Pac. 541; and *Klingman v. Gilbert*, 90 Kan. 545, 135 Pac. 682.

The limitation in Item III is not only void because it violates the rule against perpetuities, it is also void because of an unlawful restraint on the alienation of property. Appellants Marsh and Abraham also concede this.

The general rule relating to restraint on the alienation of property is discussed in 41 Am. Jur., Perpetuities & Restraints on Alienation, Sec. 66, p. 108, it is declared:

"The general rule is that one of the incidents of ownership of property is the right to convey it, and the law will not permit the rights of ownership to be fettered by the imposition of restraints by grantors or testators who seek to convey or dispose of their property and at the same time maintain control over its alienation or use. Furthermore, the law seeks to encourage the ready alienation of property of all kinds and to discourage restraints upon alienation which would have the effect of withdrawing such property from the ordinary rules and channels of commerce and trade. For these reasons conditions operating as restraints on alienation are held to be void as contrary to public policy."

This rule is further emphasized in 41 Am. Jur., p. 118, where we find this statement:

"Since the passage of the statute *quia emptores*, the right of alienation is an inherent and inseparable quality of an estate in fee simple, so that the conveyance of a fee simple title carries with it as a necessary incident the right of free and unlimited alienation. It may be stated, therefore, as a cardinal rule, that an attempted total restraint on alienation is repugnant to or inconsistent with the fee and hence totally inoperative, either in making a conveyance of it by deed or in devising it by will."

And this court said in *Bank of Powhattan v. Rooney*, 146 Kan. 559, 72 P. 2d 993, a will case attempting to restrain alienation to a period limited to three years after testator's death:

"There are some authorities holding that a restraint on the power to alienate for a limited time is valid. The great weight of authority, however, is to the effect that a restraint, even though limited as to time, is void."

See, also, annotation on the subject in 36 ALR 2d, p. 1437.

Under Kansas decisions some restrictions on alienation have been effective where the grantor or testator provide an effective barrier to enforce it, such as an active trusteeship, provision for re-entry, alternative grant or devise over, but otherwise the cases follow the general rule.

See *Guarantee Title & Trust Co. v. Siedhoff*, 144 Kan. 13, 58 P. 2d 66; *Blake-Curtis v. Blake*, 149 Kan. 512, Syl. 3, 89 P. 2d 15; *Beverlin v. First National Bank*, 151 Kan. 307, 312, 98 P. 2d 200; and *In re Estate of Asendorf*, 167 Kan. 165, 205 P. 2d 934.

In the instant case the barrier to enforce provided by the testatrix violates the rule against perpetuities and, therefore, is ineffective.

With Item III void, the question becomes purely one of construction of the will. Did Rufus R. Marsh take a fee simple or a life estate with remainder to the heirs at law? We cannot agree with appellants' contention in favor of the life estate. The law clearly gives Rufus R. Marsh a fee simple.

The general rule is that it is not possible to give a grantee or devisee a fee simple title and at the same time undertake to strike down the most important incident of a fee simple title, namely, the right to sell, mortgage, convey or otherwise alienate it.

In *Brown v. Boone*, 129 Kan. 786, 284 Pac. 436, in considering the problem generally the court stated:

"If land be granted simply to 'A and his heirs, but without power of alienation,' either the grant is void as contradicting itself, or the restriction is void. The holder of a fee simple has power to alienate, and because presumptively the grantor tried to make an effective conveyance, the restriction is void. The same is true of a grant to 'A and the heirs of his body, but without power to alienate.' The restriction is void."

See *Tiffany, Real Property*, p. 358 (Two volumes in One Ed.).

"Limitations which are void for remoteness have no effect upon estates previously limited to others. So, previous interests which were intended to be abridged by such limitations will continue unaffected by the void limitations. For instance, in the case of a devise in fee simple, with a limitation over to B. at the termination of twenty-five years, the latter limitation being void, A. has an indefeasible fee-simple estate."

And in *Beverlin v. First National Bank*, 151 Kan. 307, 312, 98 P. 2d 200:

"In Gray, Perpetuities, § 247, the general rule is stated thus: '§ 247. (1) *Effect on Prior Limitations.* If future interests created by any instrument are avoided by the rule against perpetuities, the prior interests become what they

would have been had the limitation of the future estates been omitted from the instrument. Thus, if an estate is given to A for life, remainder to his children and their heirs, but, if the children all die under twenty-five, then to B and his heirs, the limitation to B is too remote, and the children of A take an indefeasible fee simple. The cases illustrating this are innumerable. So when there is a devise on a remote condition, and no prior devise, the land descends to the heir who has an indefeasible fee.'

. . . . . . . . . . . .

"The general rule is that where an attempted ultimate executory interest fails in its inception because of the rule against perpetuities, the prior interest becomes indefeasible."

See, also, *In re Estate of Sheets*, 175 Kan. 741, 745, 267 P. 2d 962; *In re Estate of Hill*, 162 Kan. 385, 176 P. 2d 515; and in *Blake-Curtis v. Blake*, 149 Kan. 512, Syl. 3, 89 P. 2d 15, which held:

"Where one provision of a will is invalid because it violates the rule against perpetuities, and the testamentary scheme of the testators can be determined and carried out regardless of the void provision, that provision will be stricken out and the testamentary plan given effect."

We do not question the rule argued by appellant that in construing a will intention must be gleaned from the entire instrument. This is the so-called "four-corners doctrine," but it is not the rule which governs this case.

See *Bartlett's Probate Law*, Rev. Ed., § 443, which said:

"The cardinal rule in the construction of wills to which all other rules are subordinate is that the intention of the testator must be ascertained, if possible, and must be given effect if it is not contrary to an established rule of positive law or in violation of public policy."

And in *Calkin v. Wallace*, 160 Kan. 760, 766, 165 P. 2d 224, it was said:

"It is axiomatic that in the construction of wills the testator's intent is the all-important consideration and that his intention must prevail if not contrary to settled rules of law or in violation of public policy. (*Zabel v. Sewart*, 153 *Kan.* 272, 109 P. 2d 177; *Jones v. Petrie*, 156 Kan. 241, 132 P. 2d 396; *Shannep v. Strong*, 160 Kan. 206, 214, 160 P. 2d 683.) An equally well-established principle of construction is that in order to ascertain the testator's actual intent the instrument should be considered as a whole. (*Zabel v. Stewart*, supra; *Selzer v. Selzer*, 146 Kan. 273, 69 P. 2d 708.)"

The court has no power to reconstruct a will. See *Bartlett's Probate Law*, Rev. Ed., § 441, which said:

"The privilege of construing a will should never be perverted into the privilege of reconstructing it. In construing wills, courts have no authority to reform them, or to excise from them important provisions which have a bearing in the testator's intention."

In this case, the testatrix devised her property to Rufus R. Marsh "to have and to hold the same in fee simple" with a limitation which is contrary to law and void. Under the law, this court has no authority to change the words "fee simple" to "life estate."

It is the decision of the court that Rufus R. Marsh, under the terms of Item II of the will, received an unrestricted fee simple title in and to the real estate therein described with all the incidents of a fee simple title, including the power to sell, mortgage or otherwise convey or devise said real property at any time.

The judgment of the trial court is affirmed.