No. 41,546

Lucille Bodle, *Appellee* and *Cross Appellant*, v. Joe F. Balch, Trustee Under the Will of Walter E. Bodle, Deceased, *Appellant*.

(347 P. 2d 878)

Opinion filed December 12, 1959. 

*Roetzel Jochems,* of Wichita, argued the cause, and *Joe F. Balch* and *Robert L. Briley,* of Chanute, and *Emmet A. Blaes,* of Wichita, were with him on the briefs for the appellant.

*Harold G. Forbes,* of Eureka, argued the cause, and *Thos. C. Forbes* and *George Forbes,* of Eureka, and *Charles E. Henshall,* of Chanute, were with him on the briefs for the appellee and the cross appellant.

The opinion of the court was delivered by

Wertz, J.: Plaintiff (appellee), Lucille Bodle, brought this action under the declaratory judgment act, G. S. 1949, 60-3127 *et seq.,* for the purpose of obtaining an interpretation of paragraph four of her deceased husband's will.

The petition alleged that Walter E. Bodle died, leaving a last will and testament which was admitted to probate. A copy of the will was attached to the petition. Under the terms of the will a trust was created by the testator for the period of the lifetime of his wife, Lucille Bodle, plaintiff, or until her remarriage, and H. C. Bodley was named trustee of the trust. Bodley died and under the terms of the will defendant (appellant), Joe F. Balch, was appointed suc-

cessor trustee of the trust. The will directed that all of Walter Bodle's property, after the payment of debts, the costs of administration and taxes, be assigned in trust to the trustee named therein. Bodle's estate was closed in February, 1954, at which time the assets of the estate were assigned to the trustee pursuant to the terms of the will. At the time of the death of Bodle, his wife, Lucille, was his sole and only heir at law and was named as beneficiary under the trust.

Paragraph three of the will provided that the trustee pay Lucille Bodle so much of the income, and, if necessary, so much of the corpus of the trust, as should be needed for her comfort, maintenance, welfare and support. Such payments were to continue so long as she should live or until she should remarry.

Paragraph four provided:

"Upon the death or remarriage of my wife, LUCILLE BODLE, all funds, and assets then remaining in said trust shall be used for such charities, benevolences, gifts or loans as in the sound judgment and discretion of said trustee shall seem best. My principal interest hereunder is that the individual, group, agency or cause shall, in the judgment of said trustee, be truly worthy and deserving. I especially favor the use of such funds for the care and assistance of crippled or needy children in the vicinity of Chanute, Kansas, but do not seek to limit the use to these causes."

Paragraph five provided that the trust was to be fully executed within fifteen years after the death or remarriage of Lucille. Paragraph six described in detail the extent of the powers and duties of the trustee during the operation of the trust. The remaining paragraphs of the will are immaterial to the issue involved.

The petition then alleged that a controversy had arisen between plaintiff and defendant trustee over the construction of paragraph four of the will, plaintiff contending that paragraph four did not create, establish or provide for a valid trust for the reason that the same was not a charitable trust and was void for indefiniteness and uncertainty of beneficiaries; that upon the remarriage or death of plaintiff all the property held in trust by the trustee should be conveyed to and title to the same vested in plaintiff or her heirs, devisees, legatees and personal representatives, as the case might be, but that defendant Balch, trustee, contended and maintained that the fourth paragraph established and provided for a valid trust; that by reason of the facts stated an actual controversy existed between plaintiff and defendant and it was necessary that there be a determination of the same in order that the ownership of the property

then in the hands of the trustee, after plaintiff's death or remarriage, be determined and in order that the duties and obligations of the trustee be clarified.

Defendant demurred to the petition on the ground that the court had no jurisdiction of the subject of the action and the petition failed to state facts sufficient to constitute a cause of action.

Our statute pertaining to declaratory judgments specifically vests in the district courts jurisdiction to determine controversies involving interpretation of deeds, wills and other instruments of writing. Controversies arising over the interpretation of wills have always been considered as justiciable in the district courts of Kansas. (*Sharpe v. Sharpe,* 164 Kan. 484, 190 P. 2d 344; *Simmons v. Reynolds,* 179 Kan. 785, 298 P. 2d 345.)

Defendant contends that the court was without jurisdiction for the reason that the action was an attempt to set aside the will of Walter E. Bodle under the pretense of a declaratory judgment action. We cannot agree with defendant's contention. Plaintiff asked only for the interpretation of paragraph four of the will as it related to one of the trust provisions. Even assuming that plaintiff asked for more relief than that to which she, in the final analysis, might be entitled, the petition was not demurrable. Under such circumstances, the authorities cited by defendant have no application, inasmuch as an actual controversy was alleged.

We will again state our often repeated rule that when an action is filed for declaratory judgment and the petition sets forth facts showing an actual controversy concerning some matter covered by the statute, it is the duty of the district court to overrule the demurrer to the petition and proceed with the cause in accordance with the provisions of the act (G. S. 1949, 60-3127). It is further the rule that under that act it is not intended in advance of answer and hearing to prejudge matters which might become material in determining propriety or justice of relief sought. Again we reiterate that a demurrer is not a proper pleading in a declaratory judgment action, *unless* the petition fails to set forth facts which clearly make it appear there is a controversy between the parties and just what the controversy is. (*Simmons v. Reynolds,* supra; *Stalnaker v. McCorgary,* 170 Kan. 9, 223 P. 2d 738; *Hyde Park Dairies v. City of Newton,* 167 Kan. 730, 208 P. 2d 221; *School District v. Sheridan Community High School,* 130 Kan. 421, 286 Pac. 230.)

This appeal is limited solely to the petition herein. Issues have

not been joined by the parties and the trial court has rendered no declaratory judgment in the case, notwithstanding defendant seeks to enlarge the scope of our review by attempting to argue and to have us decide the merits of the cause and prejudge matters which might become material in determining the propriety or justice of the relief sought. These are matters for the trial court to determine after issues are joined and facts are either stipulated or presented to it for final determination, and not for appellate review upon a demurrer to the petition.

Plaintiff cross-appeals from an order of the trial court striking a stipulation of facts entered into between counsel for the respective parties prior to the filing of this action. It appears that after the stipulation was entered into and before the action was filed by the plaintiff, defendant advised plaintiff's counsel he wished to withdraw his stipulation and did not want it filed with the petition. However, plaintiff filed the same. Whereupon, defendant moved to strike the stipulation from the files on the ground that it was entered into inadvertently, inadvisedly and improvidently and it would operate inequitably and to the prejudice of defendant. The motion to strike was presented to the trial court and was sustained.

A stipulation is an agreement between counsel with respect to business before a court and is not one of the usual pleadings but is a proceeding in the cause and, as such, is under the supervision of the court. (83 C. J. S. Stipulations § 1.) A stipulation has also been defined as an agreement, admission or concession made in judicial proceedings by the parties thereto or their attorneys. (50 Am. Jur., Stipulations, § 2, p. 605.) In *White v. Kincade,* 95 Kan. 466, 148 Pac. 607, we held that courts are warranted in relieving parties from stipulations which have been improvidently or mistakenly made and that considerable discretion is vested in the trial court as to whether the relief shall be granted, depending largely, of course, on the facts and circumstances of the case. In the instant case, the court sustained defendant's motion to strike the stipulation and we cannot say it abused its discretion in so doing.

Plaintiff also cross-appeals from the order of the trial court overruling her motion for judgment on the petition and stipulated facts. Inasmuch as the trial court struck the stipulation from the files, plaintiff's motion for judgment became moot.

In view of what has been said, the judgment of the trial court is affirmed both as to the appeal and the cross appeal.

It is so ordered.