No. 47,400

Verl Harvey, *Appellant*, v. Bob Harvey, Robert J. Harvey, Dorene J. Hunker, Betty Lou Jones, Henry E. Peavler, John W. Peavler, Daniel L. Peavler, Debra K. Peavler, Juanita Dodson, Laura L. Collins, William M. Dodson, John Harvey, Donald L. Harvey, Lanny R. Harvey, Phyllis C. Brown, Barbara Barges, Defendants, and Cheri L. Richards, Cindi L. Dodson, Daniel J. Dodson, Michael A. Jones, Jacqueline V. Peavler, *Appellees*.

(524 P. 2d 1187)

*John D. Clark*, of Alkire, Clausing, Coldsnow and Wilkinson, of Wichita, argued the cause, and was on the brief for the appellant.

*Donald L. Martin*, of Flood, Martin, Coffelt and Flood, of Ellis, and *William Wagner*, of Deines and Wagner, of WaKeeney, argued the cause, and *Ernest J. Deines*, of Deines and Wagner, of WaKeeney, was with them on the briefs for the appellees.

The opinion of the court was delivered by

Prager, J.: This is an action for a declaratory judgment in which the plaintiff-appellant, Verl Harvey, seeks to have certain portions of his mother's will declared to be invalid. The facts have been

stipulated and essentially are as follows: Lulu Harvey, the testatrix, died on August 4, 1956. She was survived by five children and fifteen grandchildren. Since her death several additional grandchildren have been born. Lulu Harvey's will was admitted to probate in the probate court of Trego county on September 14, 1956. A judgment of final settlement was entered in the estate on April 1, 1958. It is clear from the record that the issues raised in this declaratory judgment action were not raised and determined by the probate court.

The portions of the will which are in controversy here involve five separate tracts of real estate each of which were devised to one of Mrs. Harvey's five children for life with a remainder interest to those children of the life tenant who are living at the time of the life tenant's death. These specific devises were designated in the will as Items 1, 2, 3, 4 and 5. In Item 6 of the will Mrs. Harvey devised all of the rest, residue and remainder of her property to her five children, John Harvey, Verl Harvey, Bob Harvey, Betty Lou Peavler and Juanita Dodson share and share alike. In Item 7 of the will the testatrix appointed her son, John Harvey, as executor.

At the outset we should examine the specific provisions of the will which are in contest. They are Items 1, 2, 3, 4 and 5. The language used in each of the five items is essentially the same. Since the appellant, Verl Harvey, is concerned primarily with Item 2 of the will, we will examine that provision without setting forth in full the other items mentioned. Item 2 of Lulu Harvey's will provides as follows:

"ITEM 2: I hereby give and devise the North Half (N/2) of Section ten (10), Township four (4) south, Range sixty-two (62) west of the sixth principal meridian in Arapahoe County, Colorado, to my son, Verl Harvey, for the term of his natural life. This devise is made voluntarily for the use and benefit of the said Verl Harvey and no one else, and it is made upon the express condition that the same shall not be subject to attachment, execution, garnishment or any other legal process, or voluntary sale, mortgage or alienation or disposal of any kind, and if he shall attempt to mortgage, sell, alienate or otherwise dispose of the same, or if any creditor shall attempt in violation of this provision of my will to subject such property to the payment of any of his debts or obligations, then the property so devised in this paragraph of my last will and testament shall immediately become null and void and such property shall thereupon pass to and become the property of the children of said Verl Harvey then living, provided, However, that no such child shall then mortgage or sell his or her interest in said real property prior to attaining the age of 25 years; in the event any such child shall violate this provision against alienation then immediately upon such violation his or her interest in and to

such property shall immediately pass to and become the property of the remaining children then living of the said Verl Harvey, share and share alike in fee simple.

"Upon the death of my son Verl Harvey still owning the life estate devised to him in the paragraph immediately preceding in Item 2 of my last will and testament, then upon the death of my son Verl Harvey said real estate shall go to and become the property of the children of Verl Harvey who are living at the time of his death *provided however, that no such child shall mortgage or sell, or attempt to mortgage or sell his or her interest in said real property prior to attaining the age of 25 years; in the event any such child shall violate this provision against alienation then immediately upon such violation his or her interest in and to such property shall immediately pass to and become the property of the remaining children then living of the said Verl Harvey, share and share alike.*" (Emphasis supplied.)

The controversy here is between Verl Harvey, Lulu's son, on the one hand and his brothers and sisters and all of Lulu Harvey's grandchildren on the other. In his petition and throughout the proceedings it has been the position of the plaintiff-appellant, Verl Harvey, that Items 1 through 5 of Lulu Harvey's will are invalid because each of them violates the rule against perpetuities and the rule against unlawful restraints against alienation. Verl Harvey maintains that Items 1 through 5 are void in their entirety and therefore the real estate devised under each of the items falls into the residual estate and passes under the residuary clause of the will to the five children of Lulu Harvey in fee simple share and share alike as provided under Item 6 of the will.

The case was presented on the stipulated facts to the trial court who made the following findings of fact and conclusions of law:

"No. 1

"The written stipulations signed and filed by counsel are accepted as findings of the court.

"No. 2

"The order of final settlement in the Probate Court of Trego County, Kansas, in the estate of Lulu Harvey, deceased, dated April 1, 1958, did not interpret the will of the decendent.

"No. 3

"The provisions in Items 1, 2, 3, 4, and 5 of said will restraining alienation of real estate to be held by the contingent class of remaindermen (living children of life tenant at death of life tenant) until such remaindermen reach the age of 25, violate the rule against perpetuities as an illegal restraint on alienation because at the time of the life tenant's death, the remainder interest would vest, but the power to alienate possibly could not vest during a life in being (that of the life tenant) plus 21 years.

"No. 4

"Stated another way, under the terms of the will the remainder interests in fee simple would vest at death of the respective life tenants, but the will added provisions against alienation of the remainder interests which extended beyond 21 years after the death of the life tenant, the life in being at the time of the testator's death, thus violating the common law rule against alienation. This common law rule against alienation is related to and part of the rule against perpetuities. Such provisions of the will restraining alienation are illegal and void and against public policy.

"No. 5

"Without such illegal restraint on alienation the devise to the contingent remaindermen in Items 1, 2, 3, 4, and 5 of the will would be complete and valid and would not violate the rule against perpetuities. The devises are expressly in fee simple. The illegal restraint on alienation is against public policy and should be declared void. The desire of the testator in expressly making the devices to such remaindermen in fee simple should be carried out, but the provisions for illegal restraint on alienation and which are also inconsistent with fee simple title should be excised from the will as void.

"No. 6

"After the excising of such illegal provisions in the will, Items 1, 2, 3, 4, and 5 are valid.

"No. 7

."Judgment should be entered on all the foregoing findings and all should be made part of the Court's judgment.

"Judgment is so entered. All restraints on alienation of property to be held by remaindermen as set out in Items 1, 2, 3, 4, and 5 of the will of Lulu Harvey, deceased, are ordered excised, and with such excising, what remains of such Items 1, 2, 3, 4, and 5 are adjudged valid. Costs are taxed to the plaintiff."

On September 11, 1973, the district court entered judgment on its findings of fact and conclusions of law. In essence the district court found that there was an illegal restraint on alienation under each of the five items and that such invalid restraint on alienation should be excised under each of the five provisions. After excising the invalid provisions restricting alienation, the trial court held the remainder of the will valid. On September 19, 1973, the plaintiff filed a motion to amend the rulings and judgment of the court. The plaintiff, Verl Harvey, did not question that portion of the judgment of the trial court which found that the restraints on alienation were unreasonable and therefore invalid. He urged that the court should have nullified Items 1 through 5 in their entirety. On October 15, 1973, this motion was overruled. On November 12, 1973, the plaintiff filed his notice of appeal to this court. In his

notice of appeal the appellant, Verl Harvey, stated that he had appealed from the decision of the trial court made on October 15, 1973, overruling his motion to amend the judgment of the court to invalidate Items 1, 2, 3, 4, and 5 of the will of Lulu Harvey in their entirety rather than partially. No mention was made of the original judgment of the court entered on September 11, 1973. The defendants moved to dismiss the appeal. The motion to dismiss the appeal was overruled and the trial court allowed the appellant to amend his notice of appeal to refer to the order of September 11.

The appellees have attacked the jurisdiction of this court to hear the appeal. The thrust of the defendants-appellees' argument is that the appeal was never perfected since plaintiff failed to file his notice of appeal within thirty days from the entry of the judgment on September 11, 1973, and furthermore that the appeal was ineffective since the only appeal taken was from the order of the court entered October 15, 1973, overruling the defendants' motion to amend the judgment of the court. We believe that the appellees are being unduly technical. K. S. A. 60-2103 provides that the running of the time for appeal is terminated by a timely motion made pursuant to section 60-259 to alter or amend the judgment. The notice of appeal was filed on November 12, 1973, within the thirty-day period following the overruling of the motion to amend the judgment on October 15, 1973. Furthermore in his notice of appeal the plaintiff specifically set forth the error claimed which was the failure of the trial court to invalidate Items 1, 2, 3, 4, and 5 of the will in their entirety rather than partially. That was sufficient. Any claimed error on the part of the plaintiff to refer specifically to the judgment of September 11, 1973, was technical and must be disregarded under the provisions of 60-2105. K. S. A. 60-2103 (*b*) does not require the judgment or part appealed from to be identified by the specific date of its entry. (*Caywood v. Board of County Commissioners*, 200 Kan. 134, 138, 434 P. 2d 780.)

The defendants-appellees contend in their brief that the issue of the validity of the restraints on alienation is res judicata in view of the order of final settlement of the probate court of Trego county entered in Lulu Harvey's estate on April 1, 1958. The thrust of the position of the appellees is that once an order of final settlement was entered any and all issues which might arise out of the estate of Lulu Harvey become res judicata. We do not agree. K. S. A.

60-1701 pertaining to declaratory judgments specifically vests in the district court jurisdiction to determine controversies involving the validity or interpretation of wills. Unresolved controversies arising over the interpretation of wills have always been considered as justiciable in the district courts of Kansas even though the administration of the estate has been closed in probate court by final settlement. (*Sharpe v. Sharpe,* 164 Kan. 484, 190 P. 2d 344; *Bodle v. Balch,* 185 Kan. 711, 347 P. 2d 378; *Mathews, Administrator v. Savage,* 195 Kan. 501, 407 P. 2d 559.) The situation is different, of course, where probate proceedings are pending at the time an action for a declaratory judgment is filed in district court to determine whether a certain clause of a will is valid. In that situation we have held that the probate court has the exclusive right to determine the case. (*Asendorf v. Asendorf,* 162 Kan. 310, 176 P. 2d 535.) In the present appeal it has been clearly shown that there is an actual controversy over the validity of the restraints on alienation contained in Items 1 through 5 of the will. The issue involved here was not raised in the probate court at any time during the administration of the estate. K. S. A. 60-1701 was designed to be used under these very circumstances. Where an issue involving the validity of certain provisions of a will is not raised and determined in the probate court during the administration of the estate, the issue may be determined later in a declaratory judgment action in the district court after the estate has been closed. We have concluded that the contention of the appellees that the issues raised in this declaratory action are res judicata is without merit.

We turn now to the sole issue raised by the plaintiff-appellant, Verl Harvey, on this appeal. The question presented is essentially this: Did the trial court err in excising as invalid those portions of Items 1 through 5 of the will which place restraints on alienation, rather than declaring Items 1 through 5 invalid in their entirety? It should be emphasized that none of the parties now before the court challenge the correctness of findings No. 3 and 4 of the trial court which are set forth above. Those findings state in substance that although the remainders in fee simple would vest at the death of the respective life tenants, the provisions against alienation of each remainderman's interest violate the common law rule against unreasonable restraints on alienation and are illegal and void as against public policy. It is clear to us that the findings of the trial

court No. 3 and 4 are correct and that under our cases the restraints imposed on the grandchildren as remaindermen, which prohibit them from selling or mortgaging their interest in the property until they attain the age of 25 years after the death of their parent as life tenant, are unreasonable restraints on alienation and are therefore void. (*In re Estate of Dees,* 180 Kan. 772, 308 P. 2d 90; *Blake-Curtis v. Blake,* 149 Kan. 512, 80 P. 2d 15; and *Bank of Powhattan v. Rooney,* 146 Kan. 559, 72 P. 2d 993.)

The rule against restraints on alienation is a distinct and separate rule of property law which is to be distinguished from the rule against perpetuities. Although the rule against perpetuities and the rule against restraints on alienation have the same fundamental purpose of keeping property freely alienable, the rule against perpetuities is concerned solely with the *vesting* of future interests in property. Simply stated, the rule against perpetuities precludes the creation of any future interest in property which does not necessarily vest within twenty-one years after some life or lives presently in being, plus the period of gestation, where gestation is in fact taking place. The rule has been discussed in *Lasnier v. Martin,* 102 Kan. 551, 171 P. 2d 645; *In re Estate of Freeman,* 195 Kan. 190, 404 P. 2d 222, 98 A. L. R. 2d 795; and most recently in *Singer Company v. Makad, Inc.,* 213 Kan. 725, 518 P. 2d 493. The rule against perpetuities does not apply to vested interests but only to contingent estates. The cases distinguish between a future interest which is vested subject to defeasance and an estate which is contingent. Essentially the distinction is this: If the condition on which the estate depends is precedent, the estate is contingent; if subsequent, the estate is vested subject to defeasance. (*Commercial National Bank v. Martin,* 185 Kan. 116, 340 P. 2d 899.) Under Items 1 through 5 of Lulu Harvey's will the devise of each tract of real estate was to a certain child for life with a remainder in fee to his children living at the death of the life tenant. The exact time of vesting of the remainder interests of the grandchildren is not an issue in the case. Ordinarily the law favors vested rather than contingent remainders. Under similar will provisions we have held that the remainder interests are vested at the testator's death subject to divestment if a grandchild does not survive the life tenant and subject to open to admit later born grandchildren. (*In re Estate of Paulson,* 188 Kan. 467, 363 P. 2d 422.) Of necessity the class would be finally determined immediately upon the death of the life tenant

and therefore the remainder interest of each of the members of the class must vest not later than that time. The provision restraining alienation of the property until a grandchild attains the age of 25 years after the death of the life tenant and providing for a forfeiture of the estate is a condition subsequent, not a condition precedent. The remainder interest created in each grandchild must vest not later than the expiration of a life in being. Hence as to such interest the rule against perpetuities would have no application.

As we have stated the sole issue presented on this appeal has to do with the legal consequences which follow the determination that the restraints against alienation placed upon the grandchildren are invalid and unenforceable. The trial court and the appellees take the position that the provisions restraining alienation may be excised from Items 1 through 5 of the will and that the balance of each of those items may be enforced. The plaintiff-appellant takes the position that Items 1 through 5 are invalid in their entirety and hence the five tracts of land should pass to the five children equally under the residuary clause contained in Item 6. There is ample authority in Kansas to authorize the striking out of a provision of a will which violates the rule against unreasonable restraints on alienation and then to carry out the will as otherwise written. It all depends on whether or not the invalid portion can be excised without destroying the testamentary plan contained in the will. We have held in a number of cases that where one provision of a will is invalid because it violates either the rule against perpetuities or the rule restricting restraints on alienation and the testamentary scheme of the testatrix can be determined and carried out regardless of the void provision, that provision will be stricken out and the testamentary plan given effect. (*In re Estate of Dees,* supra; *Blake-Curtis v. Blake,* supra; *In re Estate of Foster,* 190 Kan. 498, 376 P. 2d 784; *In re Estate of Freeman,* supra.) We believe that the trial court was correct in concluding that under the factual circumstances presented in this case the invalid restrictions on alienation should be excised and that the devises in Items 1, 2, 3, 4 and 5 should be enforced to devise a remainder interest in fee simple to Mrs. Harvey's grandchildren. We cannot agree with the appellant that the *dominant* scheme of the testatrix in Items 1 through 5 was to limit and restrict the right of her grandchildren to alienate the property devised to them for a period which might be as long as twenty-five years after the death of their parent. We agree with the trial court

that the dominant scheme of the testatrix was that each of her children should have only a life estate in the devised land and that her grandchildren should own the property in fee simple upon the termination of the life estate. The testamentary scheme can be carried out at least in part by enforcing the provisions of Items 1 through 5 without the restrictions on alienation. If this court were to adopt the appellant's view, the five tracts of land would pass through the residuary clause to Lulu Harvey's five children in equal shares. The net effect of such a holding would allow the children of the testatrix to receive all of the property of the testatrix without any of it passing to her grandchildren. This obviously would be contrary to Mrs. Harvey's primary intention and in actuality would be a rewriting of her will.

For the reasons set forth above the judgment of the district court is affirmed.

FATZER, C. J., concurring: Under the compulsion of *In re Estate of Foster*, 190 Kan. 498, 376 P. 2d 784, 98 A. L. R. 2d 795, and *In re Estate of Freeman*, 195 Kan. 190, 404 P. 2d 222, I join the opinion and judgment of the court.