(627 P.2d 1171)
No. 51,930

ROBERT M. MOODY and SHIRLEY A. MOODY, *Appellants,* v. BAYER CONSTRUCTION COMPANY, INC., *Appellee.*

Opinion filed May 8, 1981.

*John C. Fay,* of Fay & Fay, of Manhattan, for appellants.

*Charles S. Arthur,* of Arthur, Green, Arthur & Conderman, of Manhattan, for appellee.

Before JUSTICE PRAGER, presiding, ABBOTT, J., and J. PATRICK BRAZIL, District Judge, assigned.

BRAZIL, J.: This is a breach of contract claim in which the plaintiffs seek to compel the defendant to specifically perform its promises in a certain contract to restore land adjacent to the plaintiffs' property to its original contour, or, in the alternative, the plaintiffs pray for damages as a result of breach of contract by the defendant.

In addition to a breach of contract action, plaintiffs seek in-

junctive relief in that they seek to enjoin defendant from erecting any improvements on its property. Appeal is from a judgment on the pleadings.

Plaintiffs and defendant are adjoining landowners in Riley County. Defendant desired to operate a rock quarry on its property, which required a zoning change.

To insure that plaintiffs did not object to the defendant's proposed use, the parties entered into a contract that is the subject of this litigation.

The contract stated that if defendant monitored the blasting on plaintiffs' land, kept dust from their land, and restored the land to its proximate contour, plaintiffs would assist in the zoning change.

After some excavation, defendant began to construct a building at a location that rendered it impossible to restore the land to its original contour. Plaintiffs filed suit to enjoin the construction and to force restoration of the land or, in the alternative, for damages.

The trial court granted defendant's motion for judgment on the pleadings. It held that the contract created an interest in property and that the interest was contingent upon the completion of excavation. Since no time limit for completion appeared in the contract, the court held that the contract was void and unenforceable because it violated the rule against perpetuities.

The plaintiffs argue that the agreement between them and the defendant is purely a contractual transaction. The defendant argues, and the trial court found, that the agreement created an interest in property which equity could enforce and, therefore, the rule against perpetuities should apply. The parties have cited no decision applying the rule to similar facts; and we have found no such decisions.

The rule against perpetuities is one of property only, and it has no application to mere personal contracts that do not create or transfer any right of property. When, however, a contract creates an interest in property that could, except for the rule, be enforced by a decree for specific performance, such interest is subject to the rule. 70 C.J.S., Perpetuities § 10, p. 586. Contracts and agreements on the use of the land such as are involved in the present action are said to be restrictive agreements that create an equitable interest in the land. Restatement of Property § 6, Comment b,

pp. 15-16 (1936). The rule against perpetuities governs both legal and equitable interests. *In re Estate of Woods,* 181 Kan. 271, Syl. ¶ 8, 311 P.2d 359 (1957).

Assuming, therefore, that the rule against perpetuities applies, it must then be determined whether the rule has been violated:

"[T]he rule against perpetuities is concerned solely with the *vesting* of future interests in property. Simply stated, the rule against perpetuities precludes the creation of any future interest in property which does not necessarily vest within twenty-one years after some life or lives presently in being, plus the period of gestation, where gestation is in fact taking place." *Harvey v. Harvey,* 215 Kan. 472, 478, 524 P.2d 1187 (1974).

The *Harvey* case has been cited by the plaintiffs and the trial court for the proposition that the rule does not apply to vested interests, but only to contingent interests. To determine whether equitable interests are vested or contingent, the same principles are to be applied as with legal interests. Gray, The Rule Against Perpetuities, § 116 (4th Ed. 1942).

If the condition on which the estate depends is precedent, the estate is contingent; if subsequent, the estate is vested subject to defeasance. *Harvey v. Harvey,* 215 Kan. at 478.

The rule against perpetuities has reference to the times within which the interest or title vests. A vested interest does not necessarily include a right to possession and if the title is vested, the interest is not subject to the rule however remote may be the time when it may come into possession. *In re Estate of Woods,* 181 Kan. at 281. The question here is whether plaintiffs' equitable interest in compelling the restoration of the contour of defendant's land was vested at the time of the agreement, or, as found by the trial court and argued by defendants on appeal, is contingent on the termination of the quarrying.

An estate vests in interest when there is a present, accrued, fixed and indefeasible right to enjoyment at a future time. *McEwen v. Enoch,* 167 Kan. 119, 204 P.2d 736 (1949). Here it would seem the agreement gave plaintiffs a vested right to enforce restoration of the contour of defendant's land. Only the *enforcement* of the right, not the vesting, was subject to the condition that quarrying terminate. The contract gave the plaintiffs the present right to force defendant to restore its property at some future time. Clearly, once the defendant began to remove stone, plaintiffs' rights under the contract were activated. During the entire quarrying operation, plaintiffs had the right to force the restoration

immediately upon conclusion. Although the time of conclusion was not stated, it was certain to occur. This right was theirs and no event in the future could take it from them. Therefore, there was no contingency on whether plaintiffs would enjoy this right, just a question of when. The estate was vested and not subject to the rule.

Reversed and remanded for further proceedings.