The general rule, according to the English authorities, is to allow a pecuniary legatee interest after the expiration of one year. There are, however, many exceptions. Among others, where the money is given as a portion to a child, or one to whom the testator stood *Page 187 in loco parentis, or for whose support it was intended to make provision. In such cases interest is allowed from the death of the testator, because the object, i. e., to furnish means for subsistence, does not admit of delay, and the legatee should not be left to starve. So, when the legacy is demonstrative, and the fund is productive, for instance, notes bearing interest or bank stock paying dividends, or negroes yielding hires; for the amount of the accumulated interest or dividends or hires certainly does not belong to the executor, nor has the legatee, to whom the corpus
(that is, the notes, bank stock or negroes) is given, any right to it; nor should it go to increase the residuary fund, or be treated as undisposed of, and divided among the next of kin. Evidently there is no principle upon which either of these parties can claim a right to (237) be benefited by the delay in settling up the estate, and the rule is to consider the executor as having acted as a trustee, and to hold the accumulation for the use of the party to whose prejudice the delay operated, under the maxim, "Equity considers that done which ought to have been done," and will put the party in the same situation as if it had been done. Beasley v. Knox, 58 N.C. 1; Turnage v. Turnage, 42 N.C. 127. In such cases, as interest is allowed on the footing of an accumulation of the fund, and not on the ground that the executor is guilty of laches in withholding money that he ought to have paid, the calculation is made from the death of the testator and not from the qualification of the executor.
The case under consideration falls within the principle of both these exceptions; the interest is to be paid to the mother of the testator"annually for her sole and separate use"; so, it was manifestly the intention to provide her the means of subsistence. The legacy is demonstrative, and the fund out of which it was to be paid, to wit, the negroes, was productive, and yielded annual profits or hires, and there is no reason why the mother of the legatee should be subjected to loss because of the delay which has taken place in settling up the estate, or that any other person should be benefited by such delay.
The position taken in the answer that interest should not be allowed until the expiration of two years from the qualification of the executor, is untenable. It is supposed to be a corollary from the Act of 1789. That act was intended to remedy the evil of a delay on the part of executors and administrators in settling up estates, on the pretext of outstanding debts, and it requires them to settle up and pay over the assets to the legatees and distributees, at the expiration of two years from the time of their qualification, taking refunding bonds for the benefit of such creditors as may not have been paid; but it is by no means the policy of the law that they should not settle up sooner, if the condition of the estate will allow it, and no inference or deduction from the statute is *Page 188 
admissible which would tend to defeat the object, in aid of which (238) that statute was passed, and to induce executors and administrators to delay making a settlement by exempting them from the payment of interest until after the expiration of two years. Most assuredly, this result cannot be allowed where the intention is to provide the means for the subsistence of the object of the testator's bounty, or the amount is charged on a productive fund.