No. 22,352.

*In re* The Estate of C. M. CONDON, Deceased (O. GOSSARD and E. S. NANCE, as Executors, etc., *Appellants,* v. CHARLES M. CONDON, a Minor, MAY CONDON, as Guardian, and W. H. CONDON, as Trustee, *Appellees*).

#### SYLLABUS BY THE COURT.

1. WILL—*Interpretation—Nature of Gift Devised.* The provisions of a will considered, and held to make a gift of a stated portion of the testator's estate, with restraint on use and enjoyment, and not a gift of income.

2. WILL—*Legacy for Maintenance Bore Interest from Testator's Death.* The will declared the legacy was given for maintenance and education of the legatee, who was a minor, and the estate was productive. *Held,* the legacy bore interest from the date of the testator's death, although liquidation of legacies was not feasible for more than two years thereafter, because the testator's liabilities could not sooner be ascertained.

Appeal from Labette district court; ELMER C. CLARK, judge. Opinion filed December 6, 1919. Affirmed.

*Nelson Case,* of Oswego, and *Elmer W. Columbia,* of Parsons, for the appellants.

*W. D. Atkinson,* and *John T. Pearson,* both of Parsons, for the appellees.

The opinion of the court was delivered by

BURCH, J.: The appeal is taken by the executors of a will from a judgment of the district court affirming an order of the probate court directing payment of interest on a legacy.

The fifth clause of the will reads as follows.

"I give and bequeath to my grandson, Charles M. Condon, of Hanford, Wash., the sum of $25,000, to be held by a trustee and paid to him when he attains the age of twenty-five years; but said Charles M. Condon shall receive the income of said $25,000 semi-annually or at shorter intervals, as may be deemed best, for the purpose of providing for his maintenance, education, or assisting him in business."

The will, which disposed of an estate of $350,000, was probated on December 3, 1915, and executors named in the will immediately qualified. The nature and volume of the testator's business had been such that his liabilities could not be definitely ascertained until some time in the year 1918, when it was dem-

onstrated the estate was amply sufficient to satisfy all bequests. Meanwhile, the estate not only was productive, but greatly appreciated in value. Charles M. Condon was a grandson of the testator, and a minor. His exact age at the time of the testator's death is not stated, but in the appellant's abstract, filed in June, 1919, it is said he "is now nineteen years of age."

The gift is not merely of income. If it were, the legatee would be entitled to income from the date of the testator's death. This would be true although the fund were not actually invested until more than a year after the testator's death, and in lieu of specific income, interest equitably representing what should have been received would be allowed. (*Reid v. Dodge,* 44 App. D. C. 558, and authorities reviewed in the opinion.) The gift is of a stated portion of the testator's estate, with restriction on use and enjoyment. It is, however, expressly declared to be for maintenance and education; therefore, it bears interest from the date of the testator's death, the inference from the declaration being that the testator intended the benefit should not be postponed. The common-law rule of convenience, and statutory rules of the same character, relating to the time for liquidation of debts and legacies and the commencement of interest on ordinary legacies, do not affect the allowance of interest on legacies for maintenance. Good discussions of the subject, concerning which there is no difference of judicial opinion, may be found in *McWilliams v. Falcon,* 59 N. C. 235; *Cooke v. Meeker,* 36 N. Y. 15; *Matter of Stanfield,* 135 N. Y. 292; *Maria P. Morgan et al. v. Clara Pope et al.,* 47 Tenn. 541.

It is suggested that a provision of the will relating to distribution indicates an intention that the legacy should not come into possession of the trustee until debts of the estate were paid or provided for. If this were true, the fact would not prevent the legacy from bearing interest. It is not to be presumed the testator intended the general estate, which, as stated above, was productive and growing in value, should be benefited and the minor to be supported and educated should be prejudiced by the delay. However this may be, an analysis of the will leads to the conclusion the provision referred to other legacies.

The judgment of the district court is affirmed.